IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ERIC JAY HOLDEN,

          Petitioner,

vs.

DAVID W. MARQUEZ,

          Respondent.

Case No. 3:06-cv-00093-TMB

<u>ORDER TO SHOW CAUSE</u>

On April 25, 2006, Eric Jay Holden, representing himself, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, alleging that his conviction in the Superior Court for the State of Alaska was unconstitutionally obtained.[1]

Under Rule 4 of the Rules Governing Section 2254 Cases, after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any

---

[1] *See* Docket No. 1.  Mr. Holden claims that he was denied his "right to contact friends and family to contact attorney for advise before refusing breath test -- violation of federal constitution," although he was given permission to "call attorney directly during early morning hours."  *Id.* at 4-5.

exhibits annexed to it that the petitioner is not entitled to relief in the district court."[2] If so, the petition must be summarily dismissed.[3]

Rule 4 shows that "Congress envisioned district courts taking an active role in summarily disposing of facially defective habeas petitions."[4]  Under Rule 4, courts may raise issues that are identifiable from the face of the petition, including issues such as procedural default,[5] and the one-year limitation period of 28 U.S.C. § 2244(d).[6]  "It would waste scarce judicial resources for the district court to cause the facially defective petition to be served on the State and to entertain the State's ensuing motion to dismiss."[7]

This summary dismissal power is not without limits.  A court must give a petitioner notice and an opportunity to respond to the argument for dismissal.[8]  When the petitioner is self-represented, the court must make clear the issue and the consequences for failing to respond.[9]  An order to show cause and an opportunity

_____

[2] Rules Governing § 2254 Cases, Rule 4; *see* 28 U.S.C. § 2243.

[3] *Id.; see also Obremski v. Maass*, 915 F.2d 418 (9th Cir. 1990) (affirming district court's summary dismissal as a matter of law, but relying upon Rule 4 instead of Rule 12(b)(6)).

[4] *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

[5] *Boyd*, 147 F.3d at 1127-28.

[6] *Herbst v. Cook*, 260 F.3d 1039, 1041 (9th Cir. 2001).

[7] *Boyd*, 147 F.3d at 1128.

[8] *Id.; accord Herbst*, 260 F.3d at 1043.

[9] *Boyd,* 147 F.3d at 1128.

to respond is one permissible method.[10]  Because Mr. Holden's petition is facially

defective, the Court will require him to show why this action should not be dismissed.

A "state prisoner can obtain federal habeas corpus relief only if he is held in

violation of the Constitution or laws and treaties of the **United States**....  Failure to

comply with **state evidence rules** is neither a necessary nor a sufficient basis for

the grant of federal habeas relief on due process grounds....  Further, federal habeas

relief is not available for attacks on violations of state law or procedure and is

unavailable for alleged error in the interpretation or application of state law."[11]

<u>In Custody</u>

Mr. Holden must be "in custody" in order to proceed on a petition under

§ 2254.[12]  As explained by the United States Supreme Court, "[a]n incarcerated

convict's (or a parolee's) challenge to the validity of his conviction always satisfies

the case-or-controversy requirement, because the incarceration (or the restriction

imposed by the terms of the parole) constitutes a concrete injury, caused by the

conviction and redressable by invalidation of the conviction. Once the convict's

---

[10]  *Id.*

[11]  *Fuller v. Roe*, 182 F.3d 699, 703 (9th Cir. 1999) (citations omitted).

[12]  *See* 28 U.S.C. § 2254(a) (providing that federal courts shall entertain a petition for habeas corpus only if the petitioner "is **in custody** in violation of the Constitution or laws or treaties of the United States") (emphasis added); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (discussing the "the 'in custody' requirement of the habeas statute"); *Moore v. Nelson*, 270 F.3d 789, 791 (9th Cir. 2001) ("§ 2254 ... require[s] that the petitioner be 'in custody.'").

sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole--some 'collateral consequence' of the conviction--must exist if the suit is to be maintained."[13]  Mr. Holden does not appear to be incarcerated at this time, and he does not state whether he is currently on parole or probation.

**IT IS HEREBY ORDERED:**

1.    Mr. Holden's application to waive the $5.00 filing fee in this action is DENIED.[14]  Mr. Holden must pay the filing fee  on or before **July 5, 2006,** or this cases will be dismissed without further notice.

2.    Mr. Holden must show, on or before **July 5, 2006,** that he is in state custody; otherwise this petition shall be summarily dismissed under Rule 4 of the Rules Governing § 2254 Actions, without further notice.

3.    The Clerk of Court shall send Mr. Holden this Court's form PS 07, Response to Order to Show Cause, with a copy of this Order.

4.    In the alternative, Mr. Holden may file the enclosed notice of voluntary dismissal, without prejudice, on or before **July 5, 2006**.

5.    The Clerk of Court is directed to send form PS09, Notice of Voluntary Dismissal, to Mr. Holden with this Order.

---

[13]  *Spencer*, 523 U.S. at 7.

[14]  Mr. Holden shows sufficient funds from which to pay the $5.00 filing fee in this case.  *See* Docket No. 4.

6.   No action will be taken on the pending motion for appointment of counsel, at docket number 5, until Mr. Holden fully complies with this Order.[15]

7.   Mr. Holden shall provide the Court with the original, plus one complete and legible copy, of every paper he submits for filing, as required by this Court's Local Rule 10.1(b).

8.   At all times, Mr. Holden shall keep the Court informed of any change of address.  Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain **only** information about the change of address, and its effective date.  The notice shall not include any requests for any other relief.  Failure to file the notice may result in the dismissal of the action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

9.   The Clerk of Court is directed to send a copy of our *pro se* handbook, "Representing Yourself in Alaska's Federal Court," to Mr. Holden with this Order.


DATED this 5th day of June, 2006,  at Anchorage, Alaska.


                                     /s/TIMOTHY M. BURGESS
                                     United States District Judge

---

[15]  If and when the Court reaches this issue, Mr. Holden will be required to file a motion for counsel with a financial affidavit, on this Court's forms, showing that he is indigent.