IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ERIC JAY HOLDEN,<br><br>　　　　Petitioner,<br><br>vs.<br><br>DAVID W. MARQUEZ,<br><br>　　　　Respondent. | Case No. 3:06-cv-00093-TMB<br><br>ORDER DIRECTING<br><u>SERVICE AND RESPONSE</u> |

　　　　On April 24, 2006, Eric Jay Holden, a self-represented state prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Mr. Holden alleges that his conviction in the Superior Court for the State of Alaska was unconstitutionally obtained, and that each ground on which his petition is based has been raised in the state courts, up through and including the Alaska Supreme Court, and that he has been denied relief, thus exhausting his available state court remedies as required by § 2254(b).[1]

---

[1] *See* Docket No. 1.

Mr. Holden has also responded to the Court's order to show cause,[2] stating that he is being electronically monitored and that he has a custodian, thus being in state "custody."[3] Any dispute about this issue may be litigated by the parties.

Therefore, under Rules 4, 5 and 8(b) of the Rules Governing § 2254 Proceedings in the United States District Court, **IT IS HEREBY ORDERED**:

1. By agreement between the Court and the Office of Special Prosecutions and Appeals, the Office of Special Prosecutions and Appeals will accept service on behalf of Respondents.[4] The Clerk of Court is directed to serve a copy of the petition, at docket number 1, and this Order, on:

    Douglas Kossler
    Office of Special Prosecutions and Appeals
    310 K Street, Suite 308
    Anchorage, Alaska 99501

2. Mr. Holden's application for appointment of counsel, at docket number 5,[5] is GRANTED. Under the Criminal Justice Act,[6] the Federal Public Defender for

---

[2] See Docket No. 6.

[3] *See* Docket No. 7.

[4] Waiving Federal Habeas Corpus Rule 4 (§ 2254 cases), regarding service on the respondent.

[5] Although Mr. Holden's application to waive the filing fee, at docket number 4, was denie ( *see* Docket No. 6), and Mr. Holden has now paid the $5.00 fee, the information provided has been used to determine that Mr. Holden appears to be eligible for court-appointed counsel.

[6] *See* 18 U.S.C. § 3006A.

the District of Alaska shall designate counsel from the CJA Panel or the Federal Public Defender's office to represent Mr. Holden in this case. Once designated, appointed counsel will immediately file a notice of appearance.

3. Counsel for Mr. Holden shall then review the record, confer with him, and file any amended § 2254 petition, on or before **July 26, 2006**. In the alternative, counsel shall file a notice that no amended petition will be filed.

4. Respondent shall until **August 25, 2006**, to file an answer or other responsive pleading.[7] Respondent shall state whether he disputes any claim that Mr. Holden has exhausted his available state court remedies on the grounds alleged in the petition. If exhaustion is contested, Respondent shall present a memorandum of law supporting that position. If exhaustion is not contested, he shall respond to the merits of the petition. Where appropriate, Respondent shall file with the Court: (a) certified copies of all pertinent findings and orders of Alaska State Court proceedings or decisions which have challenged the legality of Petitioner's confinement; (b) the transcript of those proceedings where necessary to fully reflect issues passed upon and the nature and extent of the hearings afforded Petitioner; and (c) Alaska Court of Appeals or Alaska Supreme Court decisions, and citations to published opinions, passing upon the same.

---

[7] If applies for counsel, however, the Court will give counsel an opportunity to file an amended petition, and will set a new timetable allowing additional time for a response.

5.  The Court may hold an evidentiary hearing on its own motion, or on the motion of a party. Either party may make a motion for an evidentiary hearing within 30 days after the date Respondent files an answer. The motion must contain a clear and concise statement of (a) the necessity of the hearing, including why the evidence in the record is not sufficient; **and** (b) why the state court hearing (if any) was not fair or adequate.[8]

6.  This case is referred to Magistrate Judge Roberts to hear and decide all procedural or discovery motions and other pre-trial matters, and to give the Court his report and recommendation, under Local Magistrate Rule 4(3).

7.  No party shall have any *ex parte* communication (that is, communication without the presence and/or knowledge and consent of the other parties) with a District Court Judge or Magistrate Judge of this Court about the merits of this action.

DATED this 28th day of June, 2006, at Anchorage, Alaska.

/s/TIMOTHY M. BURGESS
United States District Judge

---

[8] *See* D. Ak. HCR 8.1.

C:\Documents and Settings\patty\Local Settings\Temp\notesF8C1A4\~2336972.wpd   4   SERVICE & RESPONSE