Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Petitioner

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ERIC JAY HOLDEN,<br><br>                    Petitioner,<br><br>       vs.<br><br>DAVID W. MARQUEZ,<br><br>                    Respondent. | Case No. 3:06-cv-0093-TMB<br><br>**AMENDED PETITION** |

I.      Introduction

Petitioner, Eric Jay Holden, by and through counsel Mary C. Geddes, Assistant Federal Defender, files this amended petition.  Mr. Holden, a state probationer, seeks relief from his state court conviction under 28 U.S.C. § 2254.  Mr. Holden was convicted in 2001, on his no-contest plea, for refusal to submit to a breath test following an arrest for driving while intoxicated.  *See* Alaska Stat. § 28.35.032(a).

Because he filed his federal habeas court petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d)(1).

II.     The State Application for Post-Conviction Relief

In 2001, Mr. Holden filed a petition for post-conviction relief. He alleged that he had been deprived of effective representation by his trial counsel (Lance Wells) during the proceeding.

Through post-conviction attorney Eugene Cyrus, Mr. Holden alleged that Mr. Wells was ineffective because he had not moved to suppress *on the specific ground that he had not been allowed to use a telephone to contact a friend or a relative prior to making his decision*. Mr. Wells did litigate the evidentiary issue of whether Mr. Holden had been allowed to contact an attorney.

The Alaska Statutes, § 12.55.150(b), and Alaska Criminal Rule 5(b), setting forth the rights of prisoners after arrest, provide that a defendant is entitled to telephone a lawyer, relative, or friend during the observation period which precedes the time for administration of the breath test. While Alaska law does not require the arresting officer to specifically advise a defendant of that right, such a request is to be accommodated. *See Zsupnik v. State*, 789 P.2d 357 (Alaska App. 1990).

Mr. Holden alleged that the arresting officer's statements to him in this respect were misleading with respect to his right to telephone a friend or relative. Mr. Holden contended that the officer's statements reflected that accommodation would only be made for a call to an attorney, and that he (Mr. Holden) is therefore entitled to suppression of the evidence of his subsequent refusal to take the breath test. He faulted his attorney for failing to specifically raise and litigate that issue.

In the state court evidentiary hearing on Mr. Holden's post-conviction application, Mr. Holden's trial counsel testified that he had identified the potential *Zsupnik* issue, but concluded it was not winnable and he chose not to litigate it.

The trial court denied Mr. Holden's application for post-conviction relief, concluding that Mr. Holden had failed to rebut the strong presumption that his attorney had made a sound tactical decision.

III.    Appellate Proceedings

The Alaska Court of Appeals denied his appeal in an unpublished Memorandum Opinion and Judgement on November 16, 2005. 2005 WL 3056145, *1 (Alaska App.2005). Mr. Holden subsequently petitioned the Alaska Supreme Court on January 3, 2006. That court summarily denied his petition on April 7, 2006.

IV.    Mr. Holden's Federal Claims, and Factual and Legal Bases

Mr. Holden now persists with his claim in a petition for a writ of habeas corpus, and asserts that his trial attorney's performance fell below the minimum level of competency. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Had his original attorney been competent and litigated the *Zsupnick* issue in the manner described above, the evidence of his refusal of a breath test would have been suppressed and his case dismissed.

Mr. Holden asserts that the state courts erred in the following ways. First, it clearly erred in crediting the testimony by Lance Wells that he had not only recognized the *Zsupnick* issue, but also had discussed it with his client. Second, it erred in concluding that trial counsel was not incompetent in failing to raise the issue. Third, it erred in declining Mr. Holden's proposal to obtain and introduce expert testimony concerning the standards for effective representation among the criminal defense bar, and in excluding additional relevant evidence from consideration which Mr. Holden intended for rebuttal of the trial counsel's legal assessment that the *Zsupnick* issue was indeed a 'loser.'

In an evidentiary hearing, Mr. Holden would show counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed him by the Sixth Amendment. Second, Mr. Holden would show the deficient performance prejudiced the defense. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable.

In asserting his claim, Mr. Holden relies upon the Sixth Amendment to the United States Constitution. Under AEDPA, Mr. Holden is entitled to a writ if the state court's denial of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (2). Mr. Holden contends that both prongs apply to his case as the state court's denial of relief is in contravention of *Strickland v. Washington*, and there was an unreasonable determination of the facts by the trial court.

V.      Request for an Evidentiary Hearing

A federal court must presume the correctness of the state court's factual findings. 28 U.S.C. § 2254(e)(1). However, a petitioner is entitled to an evidentiary hearing if he (1) alleges facts, which, if proven, would entitle him to relief; and (2) show that he did not receive a full and fair hearing in state court either at trial or in a collateral proceeding. *Karis v. Calderon*, 283 F.3d 1117, 1126-27(9th Cir. 2002). Mr. Holden asserts that the trial court excluded evidence based on his proffers, and that such evidence would have entitled him to relief. Therefore, Mr. Holden concludes that he is entitled to an evidentiary hearing.

DATED this 11th day of October, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Mary C. Geddes
Assistant Federal Defender
Alaska Bar No. 8511157
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mary_geddes@fd.org

Certification:

I certify that on October 11, 2006, a copy of the
foregoing document was served electronically on:

Diane L. Wendlandt, Esq.

/s/ Mary C. Geddes