Diane L. Wendlandt
Assistant Attorney General
Office of Special Prosecutions
  and Appeals
310 K Street, Suite 308
Anchorage, AK  99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: Diane_Wendlandt@law.state.ak.us

Attorney for Respondent David W. Márquez

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| ERIC J. HOLDEN, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 3:06-cv-00093-TMB-JDR |
| | ) | |
| vs. | ) | |
| | ) | STATE'S MOTION TO DISMISS |
| DAVID W. MÁRQUEZ, | ) | PETITION FOR FAILURE TO |
| | ) | STATE A COGNIZABLE CLAIM |
| Respondent. | ) | AGAINST ALASKA ATTORNEY |
| | ) | GENERAL DAVID MÁRQUEZ |

On April 25, 2006, petitioner Eric Holden filed a petition seeking federal habeas relief.  *See* Petition for Writ of Habeas Corpus, attached hereto as *Exhibit A*; Amended Petition, attached hereto as *Exhibit B*.  In his petition, Holden challenges a 2001 state conviction for misdemeanor refusal to submit to a breath test under AS 28.35.032.  *See Exhibit B.*  Holden claims that he is entitled to habeas relief from that judgment because he was

allegedly denied effective assistance of counsel during the state criminal proceeding. *Exhibit B.* Specifically, Holden challenges his trial attorney's failure to file a motion to suppress evidence of his breath-test refusal based on an alleged violation of his right under Alaska law to contact a friend before deciding whether to submit to the breath test. *See Exhibit B*, at 3-4.

As explained below, Holden's petition must be denied for at least three reasons. First, the petition, which was filed four years after the state criminal judgment became final, is barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). Second, Holden is not "in custody" for purposes of federal habeas relief under 28 U.S.C. § 2254(a). Third, to the extent that Holden challenges the state court's post-conviction relief proceeding, Holden has not alleged a cognizable claim for federal habeas relief under 28 U.S.C. § 2254(d).

## STATEMENT OF FACTS

On March 25, 2000, Trooper Skip Chadwell arrested Eric Holden for driving while intoxicated ("DWI") and transported him to the Palmer trooper post. *See Holden v. State*, Mem. Op. & J. No. 5019 at 2 (Alaska App., November 16, 2005), attached hereto as *Exhibit C*. After the requisite observation period, the trooper asked Holden to provide a breath sample by blowing into the Intoximeter 3000. Holden refused and was ultimately

charged with driving while intoxicated, refusal to submit to a chemical test, and driving with a revoked license. *Exhibit C*, at 2.

Holden's counsel, attorney Lance Wells, filed a motion to dismiss the refusal count and to suppress the audiotape of the DWI processing. *Exhibit C*, at 2. Holden, through Wells, argued that the trooper had violated his right to contact an attorney before deciding whether to submit to the breath test, as required under AS 12.25.150(b). *Id.* After an evidentiary hearing, the court denied Holden's motion. *Id.* Noting Trooper Chadwell's numerous efforts to accommodate Holden's request to call his attorney, the judge stated that she could "imagine little else the Trooper could have done to support Mr. Holden in his request to talk to a lawyer." *See* Decision on Motion to Suppress, attached hereto as *Exhibit D*, at 2.

Holden subsequently pled no contest to the refusal charge, and the state dismissed the remaining charges. On February 15, 2001, he was sentenced to serve 20 days, with an additional 130 days suspended, and three years of probation upon release. *See Judgment*, attached hereto as *Exhibit E*.

In July 2002, following a second DWI arrest, Holden, through a different attorney (Eugene Cyrus), filed a petition for post-conviction relief. *See* Application for Post Conviction Relief from Conviction, attached hereto as *Exhibit F*; Memorandum in Support of Application for Post-Conviction Relief,

attached hereto as *Exhibit G*.  In that petition, Holden argued that he received ineffective assistance of counsel from Wells.  Specifically, Holden claimed that Wells should have known that under *Zsupnik v. State*, 789 P.2d 357 (Alaska 1990), he had the right to contact a friend or relative in addition to an attorney.  *See Exhibit G*, at 3-7.

In response to the petition, Wells submitted two affidavits explaining his actions in Holden's case.  *See* Affidavit of Former Counsel, attached as *Exhibit H*; Supplemental Affidavit of Former Counsel, attached as *Exhibit I*.  Wells stated that he had reviewed the tape of the DWI processing and had interviewed Holden several times, but that Holden had never indicated – either during the DWI processing or in his subsequent conversations with Wells – that he wanted to contact someone other than his attorney during the DWI processing.  *Exhibit H*, at 2; *Exhibit I*, at 2.  In an evidentiary hearing, Wells testified that he was familiar with *Zsupnik*, but that after reviewing all of the information and discussing the tape with Holden, Wells did not believe that there was a winnable *Zsupnik* claim.  *See* Transcript of Hearing, at 11, 14-16, 27-31, attached as *Exhibit J*.

The state court denied Holden's petition for post-conviction relief.  *See* Order, attached as *Exhibit K*; *Exhibit J*, at 90-92.  The judge found that Wells had spoken with Holden about the right to contact family and friends

but had determined that there were not adequate grounds to support a *Zsupnik* claim because Holden never asked the trooper to contact a friend or relative. *Exhibit J*, at 90-91. Although the judge found that there might have been a colorable *Zsupnik* motion, he held that the failure to raise the *Zsupnik* issue did not fall below the applicable standard of competence. *Exhibit J*, at 91-92. Holden appealed, but the court of appeals rejected his arguments and affirmed the trial judge's denial of his petition for post-conviction relief. *See Exhibit C*. Holden then filed an unsuccessful petition for hearing with the Alaska Supreme Court. *See* Order Denying Petition for Hearing, attached as *Exhibit L*. This federal habeas petition followed. *See Exhibit A*; *Exhibit B*.

## ARGUMENT

A.   Holden's Petition is Barred by the Statute of Limitations

Holden seeks federal habeas relief from a 2001 state criminal judgment. *See Exhibit B*; *Exhibit E*. As such, Holden correctly concedes that his petition is governed by the 1996 Anti-Terrorism and Effective Death Penalty Act (AEDPA). *See Exhibit B*, at 1. AEDPA established a one-year statute of limitations for federal habeas petitions. *See* 28 U.S.C. § 2244(d)(1). With several exceptions not relevant here, the one-year period begins to run from "the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A).

In his petition, Holden seeks relief from a state-court judgment issued on February 13, 2001. *See Exhibit E*. Under Alaska Appellate Rule 217, Holden had 15 days from the date shown on the clerk's certificate of distribution in which to appeal the judgment. *See* Alaska R. App. P. 217(b). Holden did not appeal, and his time for filing an appeal accordingly expired on February 28, 2001. Therefore, Holden had until February 28, 2002, in which to file his petition for a writ of habeas corpus. Holden filed his habeas petition on April 25, 2006, over four years after the deadline had passed. *See Exhibit A*. Therefore, the petition is barred by the statute of limitations and must be dismissed.

In his amended petition, Holden focuses not on the original criminal judgment but on the subsequent post-conviction relief proceeding that he filed in the state court. *See Exhibit B*, at 3. Specifically, Holden claims that appellate review of the state court's denial of his request for post-conviction relief was exhausted on April 7, 2006, when the Alaska Supreme Court denied his petition for hearing on that request. *Id*. Presumably, Holden will argue that the one-year statute of limitations under § 2244

should not begin to run or should be tolled until this later date – *i.e.*, April 7, 2006.

This claim is contrary to well-established federal law. State collateral review only tolls the one-year period, it does not delay its start. *See Laws v. LaMarque*, 351 F.3d 919, 922 (9th Cir. 2003) (no tolling where first state post-conviction application was not filed until after statute of limitations for federal habeas relief had expired); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (same). Time that elapses after finality and before a collateral filing, as well as time after final collateral disposition and before federal filing, *both* count against the one-year limitations period. *See Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999). Here, more than one year elapsed between the finality of the 2001 criminal judgment in February 2001 and the filing of Holden's state-court petition for post-conviction relief in July 2002. The state-court petition did not restart the already exhausted limitations period for federal habeas relief.

As the petitioner, Holden has the burden of establishing his entitlement to tolling. *Smith v. Duncan*, 274 F.3d 1245, 1250 (9th Cir. 2001), *amended and superceded by* 297 F.3d 809, 814-15 (9th Cir. 2002). Holden has not met this burden. In fact, he has not alleged any legal basis for tolling the one-year limitations period which would allow him to file an otherwise

untimely petition for habeas relief from a five-year-old judgment. For this reason, Holden's petition must be dismissed.

>   B.   Holden Is Not A "Person In Custody" Within The Meaning Of Federal Habeas Law.

The remedy of habeas corpus under 28 U.S.C. § 2254 is available only to persons "in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254(a). *See also Preiser v. Rodriguez*, 411 U.S. 475, 484-87, 93 S.Ct. 1827, 1833-35 (1973); *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925 (1989). The United States Supreme Court has interpreted this provision to mean that a habeas petitioner must be "in custody" under the conviction or sentence under attack *when the petition is filed*. *Maleng*, 490 U.S. at 490, 109 S.Ct. at 1925. Thus, the "in custody" requirement cannot be met if, at the time the petition is filed, the petitioner has already served the challenged sentence and the sentence has fully expired. *Maleng*, 490 U.S. at 491-492, 109 S.Ct. at 1925-26 (holding that habeas relief was not available to a petitioner who sought to attack a conviction for which he had already fully served the sentence when he filed his petition for habeas relief).

In a federal habeas proceeding, the burden is on the petitioner – Holden – to show his entitlement to relief, including the fact that his sentence has not expired for purposes of the "in custody" requirement. *See*

*Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002). Holden has failed to meet that burden. Holden is challenging a state-court conviction issued on February 15, 2001. *See Exhibit B*; *Exhibit E*. He was ordered to serve 150 days with all but 20 days suspended, and was subject to probation for three years. *See Exhibit E*. Therefore, Holden's sentence was apparently fully expired as of July 2004. Holden has not provided any evidence to prove otherwise. As a result, in April 2006 when Holden filed his petition for habeas relief, Holden was not "in custody" for the purposes of 28 U.S.C. § 2254 and, therefore, habeas relief was not available to him.

        Holden may attempt to argue that he is currently in custody pursuant to a criminal judgment the sentence for which was enhanced by the 2001 judgment. In neither his petition nor his amended petition does Holden provide any information concerning a subsequent enhanced criminal judgment. *See Exhibit A*; *Exhibit B*. Therefore, unless Holden successfully seeks leave to amend his petition, this argument necessarily fails.

        Moreover, even if Holden can show that he is currently in custody pursuant to a sentence that was enhanced as a result of the 2001 judgment, the Supreme Court has expressly held that if a final conviction "is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that

the prior conviction was unconstitutionally obtained." *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04, 121 S.Ct. 1567, 1574 (2001). In *Lackawanna*, the Court recognized only two limited exceptions to this general rule: (1) when the alleged constitutional violation in the prior criminal proceeding concerns the failure to appoint counsel in violation of the Sixth Amendment; and (2) when the defendant was not at fault for the delay in seeking relief from the prior conviction, either because the state court refused to rule on the constitutional issue or the defendant has since obtained compelling evidence of actual innocence that could not have been uncovered in a timely manner. *Id*. at 404-06, 121 S.Ct. at 1574-75. Neither of these exceptions applies here.

First, Holden has not alleged that the state court failed to appoint counsel in the original criminal proceeding. On the contrary, Holden was represented by counsel throughout both the original criminal proceeding and the subsequent post-conviction relief proceeding. Holden alleges only that he was denied effective assistance of counsel during the original criminal proceeding. *See Exhibit B*. However, a claim of ineffective assistance does not rise to the level of a denial of counsel for purposes of avoiding the "in custody" requirement under *Lackawanna*. *See Davis v. Roberts*, 425 F.3d 830, 835-36 (10th Cir. 2005) (holding that, under *Lackawanna*, "prisoners are

not entitled to an exception [to the "in custody" requirement] on the ground that their counsel provided inadequate representation"); *Steverson v. Summers*, 258 F.3d 520, 524-25 (6th Cir. 2001) (same). Therefore, *Lackawanna*'s first exception – a denial of the right to counsel – does not apply.

Second, Holden has never alleged that the state court refused to rule on his claims or that he is actually innocent – let alone that he has recently discovered compelling evidence of his actual innocence. Therefore, the second *Lackawanna* exception to the "in custody" requirement does not apply here.

Because neither of the *Lackawanna* exceptions applies, this court must dismiss Holden's petition because, regardless of any subsequent conviction (which he has not alleged), Holden is not "in custody" within the meaning of § 2254(a).

  C. <u>Holden Has Failed To Allege A Cognizable Claim Based On The Post-Conviction Relief Proceeding</u>.

  In his petition (and more clearly in his amended petition), Holden alleges that his trial counsel was ineffective during his original trial proceeding because his attorney failed to assert an alleged violation of Holden's right *under Alaska law* to contact a friend prior to taking the breath test. This claim fails because, as explained above, it is long barred from habeas review by the federal statute of limitations. In addition, federal habeas relief is not available to correct state-law errors. *See* 28 U.S.C. § 2254(d); *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004).

  Holden seeks to avoid this result by arguing that, *in the state post-conviction-relief proceeding*, the state court incorrectly determined that his original trial counsel was effective under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Among other things, Holden argues that, during the post-conviction proceeding, the state court erred in crediting attorney Wells' testimony, in finding that Wells acted competently when he chose not to raise the state-law (*Zsupnik*) issue, and in failing to allow Holden to present expert testimony on the relevant standard of competence among defense attorneys (despite the fact that Holden never asked to present such testimony). *See Exhibit B*, at 3.

However, state post-conviction proceedings are not reviewable through a federal habeas petition. *See, e.g.*, *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) ("[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings."); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997) (same); *Hubbart*, 379 F.3d 779 (same); *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (finding that constitutional error alleged to have occurred in state post-conviction relief proceeding would not provide basis for federal habeas relief). As a result, Holden cannot manufacture a federal habeas claim by reference to the state post-conviction relief proceedings.

## CONCLUSION

For the foregoing reasons, Holden's petition should be dismissed for failure to assert a cognizable claim against Respondent David Márquez, as Attorney General for the State of Alaska.

DATED  November 13, 2006 at Anchorage, Alaska

>DAVID W. MÁRQUEZ
>ATTORNEY GENERAL
>
>s/ Diane L. Wendlandt
>   Assistant Attorney General
>   Office of Special Prosecutions
>      and Appeals
>   310 K Street, Suite 308
>   Anchorage, AK  99501
>   Telephone: (907) 269-6250
>   Facsimile: (907) 269-6270
>  email: Diane_Wendlandt@law.state.ak.us

### Certificate of Service

I certify that on November 13, 2006, a copy of the foregoing State's motion to dismiss petition for failure to state a cognizable claim against Alaska Attorney General David Márquez was served electronically on Mary C. Geddes.

>s/ Diane L. Wendlandt