IN THE DISTRICT COURT FOR THE STATE OF ALASKA AT ANCHORAGE

| | |
|---|---|
| STATE OF ALASKA, | ) Case No.: 3PA-00-488 CR. |
| Plaintiff, | ) DECISION ON MOTION TO SUPPRESS |
| vs. | ) |
| ERIC HOLDEN, | ) |
| Defendant. | ) |

On or about March 25, 2000, Trooper Chadwell arrested Mr. Holden for Driving While Intoxicated. Mr. Holden alleges that Trooper Chadwell did not give him an adequate opportunity to contact his attorney before being asked to take a breath test, thus necessitating dismissal of the Refusal charge.

At the evidentiary hearing Mr. Holden testified that his hands were cuffed tightly behind his back and that he was never given a chance to talk to his attorney despite repeated requests to do so. The officer never provided Mr. Holden with a phone book and only allowed him about 7 minutes within which to make up his mind. The officer also never provided Mr. Holden with a phone. Mr. Holden admitted that he did not remember the officer ever offering to look up a phone number, make a phone call or dial the phone. He also does not remember telling the officer that he planned to wait a few minutes before calling his lawyer.

Trooper Chadwell testified that Mr. Holden repeatedly asked to talk to his attorney. He remembers asking Mr. Holden the name of his attorney, and offering to make the phone call. There was a phone and two phone books in the Intoximeter room and Trooper Chadwell stated that he routinely allows a defendant's hands to be moved to the front to help them make the phone call. Usually he attempts to have the arrestee make the decision about a breath test within the fifteen minute observation period. According to his

-1-

Ex. D, p. 1

calculations he charged Mr. Holden with Refusal twelve minutes after initially asking him to blow into the machine.

The court listened to the audio tape of the conversation between Mr. Holden and Trooper Chadwell relating to the breath test. Trooper Chadwell repeated at least a dozen times that Mr. Holden could make the phone call to his lawyer if he wanted. He offered to dial the number for Mr. Holden. He offered to move Mr. Holden's handcuffs to the front to help him dial. He offered to get him both the Mat-Su and Anchorage phone books. He asked Mr. Holden for his lawyer's name or phone number. Trooper Chadwell repeatedly told Mr. Holden that he had to make a decision, and Mr. Holden repeatedly gave non-responsive answers. Instead of accepting any of the Trooper's offers, Mr. Holden kept repeating that he was not refusing but that he would not take the breath test until he talked to his lawyer. Towards the end of this discourse, in answer to the last offer Trooper Chadwell made to help him contact his lawyer, Mr. Holden replied that he wanted to give his still-unidentified lawyer "a few minutes."

The words and tone used on the audio tape clearly support Trooper Chadwell's impression that Mr. Holden was not sincerely interested in contacting an attorney. Additionally, the tape's words and tone do not support Mr. Holden's argument that the Trooper was making empty promises to help Mr. Chadwell talk to his attorney. The officer does not appear to be tricking the defendant or playing verbal games with him to get him to forfeit his rights. Instead, the court can imagine little else the Trooper could have done to support Mr. Holden in his request to talk to a lawyer. Despite the fact that Trooper Chadwell sounds frustrated with Mr. Holden's non-responsive answers, he continues to press for specific information about who he can help Mr. Holden contact. In the court's view, If Trooper Chadwell were just looking for a quick and easy way to charge Mr. Holden with Refusal he would not have persisted with these efforts.

The law clearly requires the police to afford a DWI arrestee a reasonable opportunity to contact an attorney before he decides whether to take a breath test. Copelin v. State, 659 P.2d 1206 (Alaska 1983). In the present case, the court finds that Trooper Chadwell did give Mr. Holden this reasonable opportunity and therefore DENIES the motion to suppress.

12-21-00
Date

Jennifer K Wells
Acting District Court Judge
Jennifer K. Wells

I certify that on 12-21-00 a copy of the above was mailed/hand delivered to each of the attorneys and/or individuals at their address of record

Wells
DA

-3-

Ex. D, p. 3