IN THE DISTRICT COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT PALMER

In Re POST-CONVICTION RELIEF )
Application of: )
 )
ERIC J. HOLDEN )
_____ )
 )
STATE OF ALASKA, )
 )
                      Petitioner, )
v. )
 )
ERIC J. HOLDEN, )
 )
                      Respondent. )
_____ )

TRIAL COURT CASE NO. 3PA-02-_____CIV
t/w 3PA-00-488 CR

## MEMORANDUM IN SUPPORT OF APPLICATION FOR POST-CONVICTION RELIEF

VRA CERTIFICATION: I certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any offense unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

### I
### Facts

In 3PA-00-488 CR, Holden was arrested for DWI. He requested leave to make a telephone call, and the arresting officer stated as follows:

> If you want to call your attorney you are certainly welcome to, *anything else has to wait until we get to Mat-Su pre-Trial.* (Emphasis Added); (Ex. 2).

LAW OFFICES
OF
EUGENE B. CYRUS
P.C.
SUITE 205
3135 OLD GLENN HWY
EAGLE RIVER, AK
99577

TELEPHONE
(907) 694-3019

FACSIMILE
(907) 694-3075

1

Holden desired to telephone a relative or friend concerning his arrest. He understood the officer to have prohibited all calls except to attorneys.

On February 13, 2001, Holden, while represented by attorney Lance Wells, entered a plea of no contest to refusal. At no time did Wells inform Holden that the officer violated his right to contact a relative or friend or that, because his right had been violated, a motion could be filed seeking dismissal or suppression of evidence concerning refusal.

## II
## Discussion

### A
### Introduction

Holden submits that, in 3PA-00-488 CR., he was deprived of his statutory right to contact a relative or friend. Holden's counsel failed to apprise Holden of his statutory right, or to seek relief for a violation of said right, and accordingly Holden's counsel was ineffective. Holden is entitled to post-conviction relief pursuant to AS 12.72.010 (1), (6), (8), and (9), as well as the corresponding provisions of Cr.R 35.1.

### B
### Holden Had A Right To Contact A Relative Or Friend

AS 12.25.150(b) provides in part as follows:

> *Immediately after an arrest*, a prisoner shall have the right to telephone or otherwise

LAW OFFICES
OF
UGENE B. CYRUS
P.C.
SUITE 205
135 OLD GLENN HWY
EAGLE RIVER, AK
99577

TELEPHONE
(907) 694-3019

FACSIMILE
907) 694-3075

2

> communicate with the prisoner's attorney *and any relative or friend*, and any attorney at law entitled to practice in the courts of Alaska shall, at the request of the prisoner or any relative or friend of the prisoner, have the right to immediately visit the person arrested. This subsection does not provide a prisoner with the right to initiate communication or attempt to initiate communication under circumstances proscribed under AS 11.56.755. (Emphasis added).

In addition, it may be noted that subsections (c) and (d) of this statute provide that an officer who willfully or negligently fails to grant a prisoner this statutory right subjects the officer to both criminal and civil liability.

In <u>Eben v. State</u>, 599 P.2d 700 (Alaska 1979), the Court cautioned "that to the extent deemed appropriate in light of the circumstances, law enforcement officials should administer AS 12.25.150(b) in a manner which will permit a prisoner to communicate in privacy with his attorney, relative, or friend."

The very terms of the statute require arresting officers to permit telephone calls to attorneys, *as well as to friends and relatives*. No distinction should be drawn between calls to attorneys and calls to friends or relatives. As noted by the Court in <u>Zsupnik v. State</u>, 789 P.2d 357 (Alaska 1990):

> Subsection (b) is intended to give the prisoner a right "to call both his relatives and a lawyer." 1962 House Journal 230 (emphasis added). The legislature expressly disapproved the then prevalent practice of allowing a prisoner only one phone call to only an attorney. Id. Both the statute and its history are clear that distinctions are not to be drawn between calls to relatives and attorneys.

LAW OFFICES
OF
UGENE B. CYRUS
P.C.
SUITE 205
135 OLD GLENN HWY
EAGLE RIVER, AK
99577

TELEPHONE
(907) 694-3019

FACSIMILE
(907) 694-3075

In Zsupnik, supra., the defendant, who was under arrest for DWI, was denied permission by the arresting officer to telephone her uncle. The Alaska Supreme Court held that the defendant's rights under AS 12.25.150(b) had been violated and that the appropriate remedy was suppression of the defendant's breath-test results.

Because the officer prohibited Holden from contacting a relative or a friend, he was entitled to have his refusal suppressed.

### C
### Holden Received Ineffective Assistance Of Counsel

Pursuant to Criminal Rule 11, a criminal defendant has the right to withdraw a plea of no contest where necessary to correct a manifest injustice. A showing of ineffective assistance of counsel is sufficient to establish that withdrawal of a no contest plea is necessary to correct a manifest injustice. Criminal Rule 11(h)(4)(A). Criminal Rule 11 thus recognizes the overwhelming importance of the right to counsel established by the Sixth Amendment to the United States Constitution, as well as Article I, Section 11 of the Alaska Constitution.

The right to counsel embraces the right to the effective assistance of counsel.

Previous cases indicate that Holden bears the burden of establishing that he did not receive the effective assistance of

LAW OFFICES
OF
EUGENE B. CYRUS
P.C.
SUITE 205
13135 OLD GLENN HWY
EAGLE RIVER, AK
99577

TELEPHONE
(907) 694-3019

FACSIMILE
(907) 694-3075

counsel. In doing so, he must overcome a presumption that his counsel performed competently. Some cases speak of the need to overcome a "strong" presumption of competency. Lott v. State, 836 P.2d 371 (Alaska App. 1992).

In Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court established a two-part test for evaluating ineffective assistance of counsel claims. First, the claimant must demonstrate that his attorney's performance was deficient. Second, the claimant must establish that, as a consequence, he was prejudiced. As stated by the Court in Johnson v. Baldwin, 114 F.3d 835, 837-38 (9th Cir. 1997):

> In order to prevail on his claim of ineffective assistance of counsel, ...[the defendant] must show (1) that his counsel's performance, viewed objectively, was "outside the wide range of professionally competent assistance", and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors , the result of the proceeding would have been different." Johnson, supra., quoting from Strickland, supra.

Deficient performance exists when counsel's representation falls below an objective standard of reasonableness. United States v. Rubalcaba, 811 F.2d 491, 494 (9th Cir. 1986). The behavior of counsel must fall below prevailing professional norms. United States v. McMullen, 98 F.3d 1155 (9th Cir. 1996), citing Strickland, supra.

LAW OFFICES
OF
EUGENE B. CYRUS
P.C.
SUITE 205
13135 OLD GLENN HWY
EAGLE RIVER, AK
99577

TELEPHONE
(907) 694-3019

FACSIMILE
(907) 694-3075

The <u>Strickland</u> standard applies to ineffective assistance claims arising out of the plea process. <u>Hill v. A. L. Lockhart</u>, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Alaska has adopted a two-prong test for determining whether there has been ineffective assistance of counsel. <u>Risher v. State</u>, 523 P.2d 421 (Alaska 1974). The first criterion is whether the attorney performed with minimal competence. The defendant, to show ineffective assistance of counsel, must establish that the attorney exhibited a level of performance that no reasonably competent attorney would exhibit. <u>State v. Jones</u>, 759 P.2d 558 (Alaska App. 1988). Second, the defendant must show that there is a reasonable doubt as to whether counsel's less than competent performance contributed to the conviction.

It is clear that there may be ineffective assistance of counsel where a case is concluded prior to trial with a plea of no contest. A particularly instructive case is <u>Arnold v. State</u>, 685 P.2d 1261 (Alaska App. 1984). In <u>Arnold</u>, the defendant entered pleas of no contest to manslaughter and assault and subsequently moved to withdraw his pleas, based on ineffective assistance of counsel. The trial court denied his motion. On appeal, the trial court's decision was reversed, based in part on the attorney's failure to interview witnesses and investigate the victims' level of intoxication. In so doing, the Court stated:

> It is well established that a defendant in a criminal case is entitled to the effective assistance of counsel in making the decision to plead guilty or no contest to the charges against him. In order to render "effective assistance"

LAW OFFICES
OF
UGENE B. CYRUS
P.C.
SUITE 205
135 OLD GLENN HWY
EAGLE RIVER, AK
99577

TELEPHONE
(907) 694-3019

FACSIMILE
907) 694-3075

6

Ex. G, p. 6

Exc. 13

000018

> during a plea, counsel must be familiar with the facts of the case and the applicable law so that he can fully advise the defendant of the options available to him. If a defendant does not receive reasonably effective assistance of counsel in connection with a decision to plead, the plea cannot be constitutionally valid. <u>Arnold</u>, at 1265.

The Court further noted:

> Without a fuller understanding of the facts and law, Vittone could not meaningfully advise Arnold regarding the case against him. Without such meaningful advice, Arnold could not give an informed consent to a plea of no contest. <u>Arnold</u>, at 1265.

Thus, Holden has the burden of showing that his attorney fell below a minimum level of competency and that there is at least a reasonable doubt that his attorney's performance contributed to his conviction or sentence.

Holden submits that his attorney fell below minimal standards of competency by either failing to study the transcript of Holden's DWI processing, or by failing to realize that Holden's statutory right to telephone a friend or relative had been violated and that said violation required suppression of all evidence of refusal.

Holden further submits that his attorney's acts prejudiced him. Had his attorney filed a timely motion to suppress, Holden's case would have been dismissed and he certainly would not have entered a plea of no contest to the charge.

Holden is not submitting herewith an affidavit from his former counsel. A copy of the instant pleading will be served on Mr. Wells, along with a letter requesting an affidavit addressing the

LAW OFFICES
OF
UGENE B. CYRUS
P.C.
SUITE 205
135 OLD GLENN HWY
EAGLE RIVER, AK
99577

TELEPHONE
(907) 694-3019

FACSIMILE
(907) 694-3075

points Holden now raises. Upon receipt of Wells' affidavit by Holden' present counsel, a copy will be filed with the Court.

### III
### Conclusion

Holden was deprived of his right to the effective assistance of counsel. He therefore is entitled to withdraw his plea pursuant to CrR 11; AS 12.72.010 (1), (6), (8), and (9); and, the corresponding provisions of Cr.R 35.1.

Date 7/09/02

Eugene Cyrus (ABA 7410069)

I certify that on 7/10, 2002, a true copy of this document and any attachments was served upon the **Asst. District Attorney (Palmer)** by ✓ me personally ☐ fax ☐ mail ☐ courier.

LAW OFFICES
OF
EUGENE B. CYRUS
P.C.
SUITE 205
35 OLD GLENN HWY
EAGLE RIVER, AK
99577

TELEPHONE
(907) 694-3019

FACSIMILE
(907) 694-3075