IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT PALMER

In the Matter of the Application )
for Post-Conviction Relief of: )
)
ERIC J. HOLDEN )
)
_____ )  Case No. 3PA-02-916 CI

COPY

### AFFIDAVIT OF FORMER COUNSEL, LANCE C. WELLS

STATE OF ALASKA            )
                           ) ss:
THIRD JUDICAL DISTRICT     )

**VRA CERTIFICATION**
I certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any offense unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

I, LANCE C. WELLS, being first sworn upon oath, depose and state that:

1. I am the former attorney of record for the defendant in Case No. 3PA-00-488 CR.

2. That I make this affidavit after having reviewed Mr. Holden's Motion for Post-Conviction Relief, as well as the State's Opposition to Application for Post-Conviction Relief.

3. I have made this affidavit without being able to review my notes, as my file is currently in storage.

4. I am available to testify in this matter if called as a witness either on behalf of Mr. Holden or the State of Alaska.

5. After having reviewed Mr. Holden's Application for Post-Conviction Relief, I find it amazing that he claims what he does.

6. I filed a Motion to Suppress based on the exact issue that Mr. Holden is now attempting to litigate before the court, and claiming that I didn't. Specifically, I filed a motion to

suppress based on Mr. Holden's claims that he was not allowed to contact an attorney and/or family member or relative.

7. As I recall, Magistrate Jennifer Wells held a hearing which was divided into two parts.

8. That during the hearing, Mr. Holden testified for a substantial period of time.

9. That also during that evidentiary hearing, a tape of Mr. Holden and the officer's exchange during the DWI processing was played for the court.

10. Simply put, Jennifer Wells, Magistrate, did not believe Mr. Holden's rights had been violated.

11. That this Application for Post-Conviction Relief is typical of the type of shenanigans Mr. Holden likes to pull.

12. That in dealing with Mr. Holden, I found him to be manipulative, dishonest, and disingenuous.

13. This event stems from a March 25, 2000 investigative stop in which a trooper found Mr. Holden's vehicle in the ditch, with Mr. Holden behind the wheel, and the engine running.

14. Mr. Holden, throughout the time I dealt with him, denied being the operator and/or driver of the automobile.

15. He claimed that it was someone else, an unidentified person.

16. I asked Mr. Holden who this person was, and all he would state was that "it was a woman whom he was sleeping with". That he could not divulge her name as she was still married and it would put her at some type of unknown risk.

17. Mr. Holden would not elaborate any further.

18. I carefully reviewed the audiotape exchanged between Mr. Holden and the trooper when the DWI processing was being conducted.

19. A careful review of that tape clearly shows Mr. Holden's continued manipulation.

LAW OFFICES
OF LANCE
CHRISTIAN WELLS
*Professional Corporation*
3 W. 4th Avenue
Suite 308
Anchorage, AK 99501
(907) 274-9696
(907) 277-9859
Facsimile

20. Even though I did not believe Mr. Holden had a winning motion, I still filed it on his behalf.

21. Mr. Holden was insistent upon this.

22. The same is true with the plea that Mr. Holden entered ultimately to refusal.

23. That Mr. Holden did not wish to enter a plea to DUI, and instead chose the crime of Refusal. Both carried the same penalty.

24. I suspect Mr. Holden's Motion for Post-Conviction Relief is even more important to him now, as he has been charged again with the crime of DWI, Refusal, Driving While License Suspended, MICS 6%. That this is a felony DWI. That this matter is now pending before the Hon. Judge Eric Smith.

25. During the evidentiary hearing at which Mr. Holden testified and was subject to extensive cross examination, Mr. Holden stated that he was not allowed to contact his attorney and/or family or friend. As I recall, he did not get into the topic of family members and/or friends very much as his argument centered primarily on his inability to contact an attorney. The entire taped conversation between Mr. Holden and the arresting officer dealt with Mr. Holden being able to contact an attorney.

26. I could go on for several more pages on my dealings with Mr. Holden, but do not feel it necessary at this point in time. Should the State and/or the defense decide to call me as a witness, I will be happy to further elaborate on my dealings with Mr. Holden and his continued shenanigans during the time I represented him.

27. That I do not believe his Motion for Post-Conviction Relief is made in good faith, as Mr. Holden is fully aware that we litigated the issue that he is now trying to seek post-conviction relief for. In fact, I discussed it with him today

(4/7/03) when he called my office collect form Mat-Su Pre Trial Facility at which time he agreed with me.

28. That had I not filed the motion on behalf of Mr. Holden, or litigated the issue, perhaps I would have been negligent in my handling of his case.

29. Such is not the case. That I filed the Motion to Suppress, went through at least one to two different evidentiary hearings at which time, as I stated above, Mr. Holden testified, the audiotape was played for the court, and the motion ultimately denied by Magistrate Wells.

30. That I further discussed the option of having a cooksey plea entered in the above matter. That Mr. Holden was not interested. All he wanted to do was get it over with and get away from the "system." Now he's back again looking at presumptive time to serve if convicted.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

DATED this 7th day of April 2003, at Anchorage, Alaska.

LAW OFFICE OF LANCE C. WELLS, P.C.

By: _____
Lance C. Wells, ABA# 9206045

SUBSCRIBED AND SWORN TO before me on this 7th day of April 2003, at Anchorage, Alaska.

_____
Notary Public in and for Alaska
My Commission Expires: June 8, 2006



I certify that on the 7 day of April 03, a true and correct copy of the foregoing was served by mail on ADA Collins Cyrus E.

OFFICES
LANCE
CHRISTIAN WELLS
Professional
Corporation
W. 4th Avenue
308
Anchorage, AK 99501
274-9696
277-9859
mile

AFFIDAVIT OF FORMER COUNSEL, LANCE C. WELLS
In re: Eric J. Holden
Case No. 3PA-02-916 CI