IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT PALMER

In the Matter of the Application )
for Post-Conviction Relief of: )
)
**ERIC J. HOLDEN** )
) Case No. 3PA-02-916 CI
_____ )

### SUPPLEMENTAL AFFIDAVIT OF FORMER COUNSEL, LANCE C. WELLS

STATE OF ALASKA )
) ss:
THIRD JUDICAL DISTRICT )

VRA CERTIFICATION
I certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any offense unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

I, LANCE C. WELLS, being first sworn upon oath, depose and state that:

1. I am the former attorney of record for the defendant in Case No. 3PA-00-488 CR.

2. That I make this supplemental affidavit after having reviewed Mr. Holden's Motion for Post-Conviction Relief, as well as the State's Opposition to Application for Post-Conviction Relief and after having been contacted by Mr. Cyrus, current counsel for Mr. Holden.

3. I have made this affidavit without being able to review my notes, as my file is currently in storage.

4. I am available to testify in this matter if called as a witness either on behalf of Mr. Holden or the State of Alaska.

5. After having reviewed Mr. Holden's Application for Post-Conviction Relief, I find it amazing that he claims what he does.

6. His original claim centered on the fact that he was not allowed to call his attorney upon arrest and before he took the breath test.

7. I interviewed Mr. Holden several times, and received a different version on each meeting as to what occurred or did not occur.

8. One theme though ran through all of my dealings with Mr. Holden and that was his insistence that he was not allowed to contact an attorney.

9. He never claimed he could not contact a friend or family member. None-the-less, I cited to <u>Zsupnik v. State</u>, 789 P.2d 357 (AK 1990) in my motion to dismiss even though Mr. Holden never specifically referred to this. I still though it important, considered it and reviewed it with him. He never made claims of this. Only that he could not call his lawyer.

10. AS I recall, after extensive direct and cross examination, Mr. Holden never raised that particular issue in court either.

11. Although I have not reviewed a copy of that recorded proceeding, I did see a transcript sometime ago that was shown to me by one of the ADA's in Palmer, AK. I am going solely by my memory at this time.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

DATED this 12th day of December 2003, at Anchorage, Alaska.

LAW OFFICE OF LANCE C. WELLS, P.C.

By: _____
Lance C. Wells, ABA# 9206045

OFFICES
LANCE
RISTIAN WELLS
Professional
Corporation
W. 4th Avenue
308
norage, AK 99501
274-9696
277-9859
mile

SUPPLEMENTAL AFFIDAVIT OF FORMER COUNSEL, LANCE C. WELLS
In re: Eric J. Holden
Case No. 3PA-02-916 CI

Page 2 of 3

Ex. I, p. 2

SUBSCRIBED AND SWORN TO before me on this 12th day of December 2003, at Anchorage, Alaska.



_Sharon R. Leippi_
Notary Public in and for Alaska
My Commission Expires: June 8/06

I certify that on the 12 day of Dec 03, a true and correct copy of the foregoing was served by MAIL on Cyrus

LAW OFFICES
LANCE
CHRISTIAN WELLS
Professional
Corporation
W. 4th Avenue
308
Anchorage, AK 99501
274-9696
277-9859
mile

SUPPLEMENTAL AFFIDAVIT OF FORMER COUNSEL, LANCE C. WELLS
In re: Eric J. Holden
Case No. 3PA-02-916 CI                                    Page 3 of 3