Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Petitioner

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ERIC JAY HOLDEN,<br><br>    Petitioner,<br><br>vs.<br><br>DAVID W. MARQUEZ,<br><br>    Respondent. | Case No. 3:06-cv-0093-TMB<br><br>**OPPOSITION TO RESPONDENT'S<br>MOTION TO DISMISS** |

    In its Motion to Dismiss, the respondent (the State of Alaska) has given three reasons why state prisoner Eric J. Holden's application for federal habeas relief should be denied. Dismissal is not indicated for the reasons stated below.

I.  THE IN-CUSTODY REQUIREMENT IS SATISFIED BY PROBATIONARY STATUS

    The respondent, through his attorney, an Assistant Attorney General for the State of Alaska, speculates that Mr. Holden is no longer "in custody" for purposes of federal habeas relief under 28 U. S. C. § 2254(a). The respondent assumes Mr. Holden must no longer be "currently in custody" or at least on state probation because he received a sentence including three years of

probation and more than three years have elapsed since February 12, 2003, the date he was sentenced.

The undersigned has investigated the respondent's assumption and believes the respondent is mistaken.

First, the undersigned has utilized a document from the respondent's agency, the Alaska State Department of Corrections "OTIS" system. "OTIS," a state online database, indicates that since the time of his conviction in the underlying case, Mr. Holden has been out of custody for only about 19 months since the time he was sentenced.

Since state probation time is tolled while a defendant is confined, it does not appear that Mr. Holden in fact completed his three years of probation.

Second, it does not appear that the district court has terminated Mr. Holden's probation. Although at one time termination was ordered, this order apparently was rescinded and the petition to revoke probation withdrawn.[1]

II.   STATUTE OF LIMITATIONS DID NOT RUN BECAUSE THE TIME OF EXPIRATION FOR A MERIT REVIEW OF INEFFECTIVE CLAIMS DOES NOT RUN UNTIL TWO YEARS FOLLOWING THE ENTRY OF JUDGMENT

The respondent has also contended that the one-year statute of limitations in 28 U.S.C. § 2244(d)(1) has run.

---

[1] However, Mr. Holden's habeas counsel is still investigating this issue. This week she received additional court files which she has not yet had the chance to review. Should her review indicate that she is in error, she will immediately notify the court.

*Eric J. Holden v. David W. Marquez*   Page 2
Case No. 3:06-cv-0093-TMB

It is undisputed that Mr. Holden was convicted on February 13, 2001; his time for filing an appeal expired on February 28, 2001; and he filed a state post-conviction relief application on July 10, 2002. Mr. Holden's state court post-conviction relief (PCR) petition was timely filed because he had an applicable two-year statute of limitations.

However, the respondent asserts that the federal statute of limitations ran and arguably expired on February 28, 2002, five months before his state PCR was filed.

Mr. Holden answers, as follows. Where a defendant has an ineffective assistance of counsel claim arising from the performance of his trial counsel, where Alaska state law directs the defendant to raise such claims *post-conviction* and not on direct appeal, *Barry v. State*, 675 P.2d 1292, 1295-96 (Alaska App.1984), and where state law allows a defendant to file such a claim up to two years after judgment in a case where no other issues were appealed, the point of finality under the AEDPA is extended. "[T]he expiration of the time for seeking review" under § 2244(d)(1)(A) for a first Alaska petitioner complaining about their trial or appellate counsel is the state statute of limitations of two years. Therefore, any such claim timely filed is not time-barred for federal habeas purposes. Alternatively, the limitations period should be equitably tolled given the state case law directives, and the relative diligence of the petitioner in seeking state court review.

III.   THE CLAIM IS COGNIZABLE IN HABEAS

The respondent has argued that Mr. Holden's complaint that his claim of ineffective assistance of counsel was erroneously rejected is not cognizable in federal habeas because such a claim was litigated in the post-conviction setting and errors in state post-conviction relief proceedings are not reviewable.

  Mr. Holden's complaint concerned the performance of his trial counsel, not his post-conviction counsel. Mr. Holden brought his claim under 28 U. S. C. § 2254, which requires, *inter alia*, that there was a violation of the Constitution or laws or treaties of the United States, that he has exhausted state remedies, or that circumstances exist that render State process ineffective to protect the rights of the applicant, and that the decision reached by the state court as to his Sixth Amendment right was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts.

  DATED this 1st day of December, 2006.

        Respectfully submitted,

        FEDERAL PUBLIC DEFENDER
        FOR THE DISTRICT OF ALASKA

        /s/ Mary C. Geddes
        Assistant Federal Defender
        Alaska Bar No. 8511157
        601 West 5th Avenue, Suite 800
        Anchorage, AK  99501
        Ph:  (907) 646-3400
        Fax:  (907) 646-3480
        mary_geddes@fd.org

Certification:

I certify that on December 1, 2006, a copy of the
foregoing document, with attachments, was
served electronically on:

Diane L. Wendlandt, Esq.

/s/ Mary C. Geddes