Diane L. Wendlandt
Assistant Attorney General
State of Alaska, Dept. of Law
Office of Special Prosecutions
  and Appeals
310 K Street, Suite 308
Anchorage, AK  99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: Diane_Wendlandt@law.state.ak.us

Attorney for Respondent David W. Márquez

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| ERIC J. HOLDEN, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 3:06-cv-00093-TMB-JDR |
| | ) | |
| vs. | ) | |
| | ) | RESPONDENT'S REPLY TO |
| DAVID W. MÁRQUEZ, | ) | OPPOSITION TO MOTION TO |
| | ) | DISMISS FOR FAILURE TO |
| Respondent. | ) | STATE A CLAIM AGAINST |
| | ) | RESPONDENT DAVID MÁRQUEZ |

Respondent David W. Márquez has filed a motion to dismiss Eric

Holden's petition for federal habeas relief.  *See Motion to Dismiss Petition for*

*Failure to State a Cognizable Claim*, dated November 13, 2006.  As explained

in that motion, Holden's petition fails for three reasons.  First, the petition is

barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1).

Second, Holden is not "in custody" for purposes of federal habeas relief under

Eric J. Holden v. David W. Márquez, 3:06-cv-00093-TMB-JDR
Page 1

28 U.S.C. § 2254(a).  Third, to the extent that Holden challenges the state court's post-conviction relief proceeding, Holden has not alleged a cognizable claim for federal habeas relief under 28 U.S.C. § 2254(d).

Holden has opposed the motion to dismiss.  *See Opposition to Respondent's Motion to Dismiss*, dated December 1, 2006.  That opposition fails to fully address respondent's legal arguments and neglects to provide any evidence to support Holden's alleged entitlement to relief.  In short, Holden has failed to carry his burden of establishing that his petition meets the procedural requirements of 28 U.S.C. § 2254.  For this reason, his petition must be dismissed.

A.    Holden's Petition is Barred by the Statute of Limitations

A federal habeas petition must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *See* 28 U.S.C. § 2244(d)(1).  Holden challenges a state-court judgment that was issued on February 13, 2001, and became final on February 28, 2001.  *See Judgment* attached as Exhibit A; Alaska R. App. P. 217(b).  Thus, the federal limitations period expired on February 28, 2002.  Holden filed his habeas petition in April 2006, over four years after that deadline had passed.

Eric J. Holden v. David W. Márquez, 3:06-cv-00093-TMB-JDR
Page 2

In response, Holden argues that the federal limitations period should not begin to run until the denial of his state post-conviction-relief action became final. *See Opposition*, at 3. Holden filed his state petition for post-conviction relief in July 2002, *after* the one-year limitations period for seeking federal habeas relief had expired but *before* the two-year limitations period for seeking state post-conviction relief had passed. This timely state filing, Holden argues, should excuse his failure to comply with the federal limitations period. *Id.* In effect, Holden argues that the state limitations period for state post-conviction relief should override the shorter federal limitations period for defendants seeking federal habeas relief.

Holden does not cite a single case in support of this proposition. Nor does he respond to the case law cited by respondent Márquez, which clearly provides that state collateral review only tolls the one-year period, it does not delay its start. *See Laws v. LaMarque*, 351 F.3d 919, 922 (9th Cir. 2003) (no tolling where first state post-conviction application was not filed until after statute of limitations for federal habeas relief had expired); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (same). Therefore, once the one-year federal limitations period has expired, a state-court petition for post-conviction relief, even if timely under state law, does not restart the already exhausted federal limitations period.

Eric J. Holden v. David W. Márquez, 3:06-cv-00093-TMB-JDR
Page 3

In the alternative, in a single conclusory sentence, Holden claims that the limitations period should be equitably tolled simply because his state post-conviction action was timely under state law. *See Opposition*, at 3. Holden provides no explanation or legal basis for this request. As the petitioner, Holden has the burden of establishing his entitlement to tolling. *Smith v. Duncan*, 274 F.3d 1245, 1250 (9th Cir. 2001), *amended and superceded by* 297 F.3d 809, 814-15 (9th Cir. 2002). Holden's summary invocation of the phrase "equitably tolled" does not meet this burden.

B.    Holden Is Not A "Person In Custody" Within The Meaning Of Federal Habeas Law.

Holden apparently concedes that he is not entitled to federal habeas relief if he is not "in custody" pursuant to the conviction or sentence under attack. *See* 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925 (1989). The "in custody" requirement cannot be met if, at the time the petition is filed, the petitioner has already served the challenged sentence and the sentence has fully expired. *Maleng*, 490 U.S. at 491-492, 109 S.Ct. at 1925-26. As explained in respondent's motion to dismiss, there is no evidence that Holden is still "in custody" with respect to the February 2001 criminal judgment.

In his opposition, Holden argues that he *might* still be subject to probation with respect to the February 2001 judgment.[1]  *See Opposition*, at 2. However, in a federal habeas proceeding, the burden is on the petitioner – Holden – to show his entitlement to relief, including the fact that his sentence has not expired for purposes of the "in custody" requirement.  *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002).  Holden has failed to meet that burden.

At most, Holden claims, without providing supporting documents, that the Alaska Department of Corrections (DOC) database indicates that Holden was out of custody for only 19 months since the time he was sentenced.  *See Opposition*, at 2.  Holden does not provide any documents to support this claim, and he appears to be simply guessing at the meaning of the DOC information.  *Id.*  Moreover, Holden overlooks the fact that the state court apparently terminated his probation in July 2002.  *See* Docketing Information, attached as Exhibit B, at entry dated July 11, 2002.  Holden speculates but fails to provide any supporting documents to establish that the probation period was reinstated.  *See Opposition*, at 2.

---

[1]    In his opposition, Holden incorrectly states that he was sentenced on February 12, *2003*, when in fact he was sentenced on February 13, *2001*. *Compare* Exhibit A *with* Opposition at 2.

C.    Holden Has Failed To Allege A Cognizable Claim Based On
      The Post-Conviction Relief Proceeding.

In his motion to dismiss, respondent Márquez argued that to the extent Holden's petition alleges errors made during the state post-conviction proceeding, that claim fails because state post-conviction proceedings are not reviewable through a federal habeas petition. *See, e.g.*, *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) ("[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings."); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997) (same).

In his opposition, Holden concedes this point but asserts that he is challenging only the effectiveness of his *trial* counsel. *See Opposition*, at 4. However, Holden stands at the horns of a dilemma. To the extent that he seeks only to challenge the effectiveness of his trial counsel, that claim is long since time-barred, as explained above. On the other hand, if he seeks to avoid the statute of limitations by focusing on the state court's application of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), during the state post-conviction proceedings, he runs headlong into the rule that such proceedings are not reviewable through a federal habeas action. Either way,

Holden loses.  In short, Holden cannot resurrect his time-barred federal habeas claim by reference to the state post-conviction proceedings.

CONCLUSION

For the foregoing reasons, Holden's petition should be dismissed for failure to assert a cognizable claim against Respondent David Márquez, as Attorney General for the State of Alaska.

DATED  December 12, 2006 at Anchorage, Alaska

> CRAIG J. TILLERY
> ACTING ATTORNEY GENERAL
>
> s/ Diane L. Wendlandt
>     Assistant Attorney General
>     State of Alaska, Dept. of Law
>     Office of Special Prosecutions
>        and Appeals
>     310 K Street, Suite 308
>     Anchorage, AK  99501
>     Telephone: (907) 269-6250
>     Facsimile: (907) 269-6270
>     email: Diane_Wendlandt@law.state.ak.us
>     Alaska Bar No.  9011121

**Certificate of Service**

I certify that on December 12, 2006, a copy of the foregoing State's motion to dismiss petition for failure to state a cognizable claim against Alaska Attorney General David Márquez was served electronically on Mary C. Geddes.

s/ Diane L. Wendlandt

Eric J. Holden v. David W. Márquez, 3:06-cv-00093-TMB-JDR
Page 7