UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

ERIC J. HOLDEN,

         Petitioner,

vs.

DAVID MARQUEZ,

         Respondent.

3:06-cv-00093-TMB-JDR

**RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**

(Docket No.18)

      The court has now before it the respondent's motion to dismiss Mr. Eric J. Holden's amended petition for writ of *habeas corpus*. (Docket No. 18). Said motion is made on the grounds that Mr. Holden has failed to state a cognizable claim. Mr. Holden's amended petition was filed at docket No. 17. His opposition to the instant motion was filed at docket No. 20. The respondent replied thereto at docket No. 21. Oral argument has not been requested and is not deemed necessary to the disposition of the motion. For the reasons that follow, the respondent's motion should be granted.

**ISSUES PRESENTED**

      The issues presented are: (1) whether petition is barred by the one year statute of limitations under 28 U.S.C. § 2244(d)(1) ; (2) whether Holden is "in custody" for purposes of federal *habeas* relief under 28 U.S.C. § 2254(a); (3) whether, to the extent Holden challenges the state court's post-conviction relief proceeding, he has alleged cognizable claims under 28 U.S.C. § 2254(d).

1

## BACKGROUND

The respondent's opening brief provides a statement of facts, and Mr. Holden's brief does not. Ergo, this recitation of facts is taken directly from the respondent's brief.

On March 25, 2000, Trooper Skip Chadwell arrested Eric Holden for driving while intoxicated ("DWI") and transported him to the Palmer trooper post. *See Holden v. State*, Mem. Op. & J. No. 5019 at 2 (Alaska App., November 16, 2005), attached hereto as. After the requisite observation period, the trooper asked Holden to provide a breath sample by blowing into the Intoximeter 3000. Holden refused and was ultimately charged with driving while intoxicated, refusal to submit to a chemical test, and driving with a revoked license.

Holden's counsel, attorney Lance Wells, filed a motion to dismiss the refusal count and to suppress the audiotape of the DWI processing. Holden, through Wells, argued that the trooper had violated his right to contact an attorney before deciding whether to submit to the breath test, as required under AS 12.25.150(b). After an evidentiary hearing, the court denied Holden's motion. Noting Trooper Chadwell's numerous efforts to accommodate Holden's request to call his attorney, the judge stated that she could "imagine little else the Trooper could have done to support Mr. Holden in his request to talk to a lawyer." .

Holden subsequently pled no contest to the refusal charge, and the state dismissed the remaining charges. On February 15, 2001, he was sentenced to serve 20 days, with an additional 130 days suspended, and three years of probation upon release.

In July 2002, following a second DWI arrest, Holden, through a different attorney (Eugene Cyrus), filed a petition for post-conviction relief. In that petition, Holden argued that he received ineffective assistance of counsel from Wells. Specifically, Holden claimed that Wells should have known that under Zsupnik v. State,

789 P.2d 357 (Alaska 1990), he had the right to contact a friend or relative in addition to an attorney.

In response to the petition, Wells submitted two affidavits explaining his actions in Holden's case. Wells stated that he had reviewed the tape of the DWI processing and had interviewed Holden several times, but that Holden had never indicated – either during the DWI processing or in his subsequent conversations with Wells – that he wanted to contact someone other than his attorney during the DWI processing. In an evidentiary hearing, Wells testified that he was familiar with *Zsupnik*, but that after reviewing all of the information and discussing the tape with Holden, Wells did not believe that there was a winnable *Zsupnik* claim.

The state court denied Holden's petition for post-conviction relief. The judge found that Wells had spoken with Holden about the right to contact family and friends but had determined that there were not adequate grounds to support a *Zsupnik* claim because Holden never asked the trooper to contact a friend or relative. Although the judge found that there might have been a colorable *Zsupnik* motion, he held that the failure to raise the *Zsupnik* issue did not fall below the applicable standard of competence. Holden appealed, but the court of appeals rejected his arguments and affirmed the trial judge's denial of his petition for post-conviction relief. Holden then filed an unsuccessful petition for hearing with the Alaska Supreme Court. This federal habeas petition followed.

### DISCUSSION

The court will address the respondent's grounds for dismissal in the order presented by him.

**(1) Is Holden's Petition Barred By The Statute Of Limitations?**

Holden concedes that his petition is governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Under AEDPA there is a one year statute of limitations on federal *habeas* petitions. 28 U.S.C. § 2244(d)(1). Disregarding certain

exceptions inapplicable to this case, the one year period of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review". The state court judgment in question was issued against Holden on February 13, 2001, and became final on February 28, 2001. Thus, the respondent submits, the federal *habeas* limitations period expired on February 28, 2002. Holden filed his petition in April 2006, more than four years after the limitations period had expired.

Holden posits that the limitations period did not commence running until the denial of his state post-conviction relief action became final. His rationale is that because Alaska state law directed that his claim for ineffective assistance of counsel be raised in post conviction relief, and not on direct appeal, and that the same state law allowed him two years to file such a claim after judgment where no other issues were appealed. Therefore, Holden continues, any such claim timely filed is not time-barred for federal habeas purposes. This reasoning constitutes a non sequitur. Section 2244(d)(2) specifically provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection." Expanding on this is within Congress' power, not the courts. Quite simply, Congress has not provided for the extension on the limitations period Holden now urges.

The respondent is correct that Holden provides no authority for his position. The court notes, however, that two of the cases supplied by the respondent do not – contrary to the respondent's argument – clearly stand for the proposition that state collateral review only tolls the one year period, it does not delay its start. *See Laws v. Marquez,* 351 F.3d 919, 922 (9th Cir. 2003); and, *Green v. White,* 223 F.3d 1001, 1003 (9th Cir. 2000). The other case cited by the respondent – *Nino v. Galaza,* 183 F.3d 1003, 1006-1007 (9th Cir. 1999) is on the mark when it teaches "AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct appeal and the

time the first state collateral challenge is filed because there is no case "pending" during that interval." Additionally, the court commends the parties to the Supreme Court's instruction on precisely this point. In *Carey v. Saffold,* 536 U.S. 214, 219-221 (2002) the Supreme Court held that as used in § 2244(d)(2) "pending" covers the time between a lower court's decision and the filing of a notice of appeal to a higher court sate court. Again, there is no basis in law for the proposition that § 2244(d)(2) applies to the time elapsed until the collateral relief is sought in the first instance when the state limitations period for seeking such relief happens to be longer than the one year period under § 2244(d)(1).

Finally, in an apparent effort to cover every conceivable – if not inconceivable – defense to the respondent's motion, Holden presents the following single sentence argument. "Alternatively, the limitations period should be equitably tolled given the state case law directives, and the relative diligence of the petitioner in seeking state court review." A petitioner bears the burden of alleging facts which would give rise to tolling. *Smith v. Duncan,* 274 F.3d 1245, 1250 (9th Cir. 2001) citing *Hinton v. Pac. Enters.,* 5 F.3d 391, 395 (9th Cir. 1993). Holden has alleged no "facts" establishing equitable tolling. The so called "state case law directives" did not prevent him from filing his federal petition for writ of *habeas corpus* in a timely fashion.

The respondent's motion to dismiss should be granted on the grounds that Holden's petition was untimely filed under § 2244(d)(1).

**(2) Is Holden A Person In Custody Within The Meaning Of Federal Habeas Law?**

The respondent posits that Holden is not a person "in custody pursuant to the judgment of a State court" as required for the remedy of *habeas corpus* under 28 U.S.C. § 2254. The respondent is correct. In *Maleng v. Cook,* 490 U.S. 488, 492 (1989) the Supreme Court held that a petitioner does not remain "in custody", and therefore has no *habeas* remedy available, after the sentence imposed for the conviction in question has fully expired. Holden argues that even though the time of both his incarceration and

his three year probationary period had passed prior to his filing his petition, he is still in custody because – based on his counsel's investigative efforts – the Department of Corrections records show that he was only out of custody for nineteen months since the time he was sentenced.  Furthermore, he submits, "it does not appear that the district court has terminated Mr. Holden's probation.  Although at one time termination was ordered, this order apparently was rescinded and the petition to revoke probation withdrawn."[1]

While Holden fails to provide any supporting documentation for his mathematically intriguing argument, the respondent does not fail in documenting his reply thereto.  At Exhibit B to docket No. 21 the Alaska trial court docket indicates that Holden's probation was indeed terminated on July 11, 2002.  The petitioner bears the burden of showing his custody is in violation of the Constitution, laws, or treaties of the United States.  *Silva v. Woodford,* 279 F.3d 825, 835 (9th Cir. 2002).  Holden has not met this burden.  The respondent's motion to dismiss should be granted on the ground that Holden is not a person in custody under § 2254, and is therefore not entitled to *habeas* relief.

**(3) Has Holden Failed To Allege A Cognizable Claim Based On The Post-Conviction Relief Proceeding?**

The respondent contends that to the extent Holden's petition alleges errors made during the state post-conviction proceeding, such a claim fails because state post-conviction proceedings are not cognizable in a federal *habeas* proceeding.  *See Gerlaugh v. Stewart,* 129 F.3d 1027, 1045 (9th Cir. 1997); citing *Franzen v. Brinkman,* 877 F.2d 26, 26 (9th Cir. 1989).  Holden does not dispute this rule of law.  Rather, he

---

[1] Notably, Holden does not take issue with the respondent's briefing regarding the two limited exceptions to 2254's "in custody" requirement as set forth in *Lackawanna County Dist. Attorney v. Cross,* 532 U.S. 394, 403-404 (2001).  Given this lack of response, and the apparent correctness of the respondent's analysis, further discussion on this point is not necessary.

states: "Mr. Holden's complaint concerned the performance of his trial counsel, not his post-conviction counsel." He then goes on to recite the possible grounds for relief under § 2254. This is essentially a non-argument. It is shallow and confusing. Regardless, the respondent's reply deftly sums up the situation as follows:

> To the extent that he seeks only to challenge the effectiveness of his trial counsel, that claim is long since time barred, as explained above. On the other hand, if he seeks to avoid the statute of limitations by focusing on the state court's application of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 91984), during the state post-conviction proceedings, he runs headlong into the rule that such proceedings are not reviewable through a federal habeas action. Either way, Holden loses.

## CONCLUSION

Because Holden's claims are time barred, and because he is not "in custody" for purposes of 28 U.S.C. § 2254, it is hereby recommended that the respondent's motion to dismiss the amended petition for writ of *habeas corpus* (Docket No. 18) be **GRANTED**. Additionally, Holden's claim regarding his counsel's performance at trial is either time barred, or it is not cognizable in federal *habeas* because it concerns state post-conviction proceedings. Thus, respondent's motion should also be granted on the grounds that to the extent Holden's petition alleges errors made during the state post-conviction proceeding.

DATED this 13<u>th</u> day of December, 2006, at Anchorage, Alaska.


/s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

Pursuant to Federal Rule of Civil Procedure 72(b), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **the close of business on January 3, 2007**. The failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed **no later than the close of business on January 11, 2007**.

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).