Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Petitioner

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ERIC JAY HOLDEN,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>DAVID W. MARQUEZ,<br><br>　　　　　Respondent. | Case No. 3:06-cv-0093-TMB<br><br>**OPPOSITION TO INITIAL REPORT AND RECOMMENDATION THAT MOTION TO DISMISS BE GRANTED** |

　　　　In his initial report, the magistrate-judge has recommended the grant of the Respondent's motion to dismiss Eric Holden's application for a grant of habeas corpus.  Mr. Holden respectfully objects to the findings of the magistrate-judge and his proposed conclusion of law.

　　　　At length, Mr. Holden objects to the determination that the statute of limitations has expired.  He argues that the point of finality for habeas purposes in Alaska is an extended one because of the Alaska case law requirement that requires ineffective assistance of counsel claims to be reserved until after the merit/direct appeal has been completed.  Mr. Holden also asks the court to re-open the record with respect to the requirement that the petitioner be in custody.

1.  The Statute of Limitations Issue

Mr. Holden continues to asserts that his claims are not barred by the statute of limitations. He considers the same statutory and case law authorities cited by the court, but would conclude that those authorities support his position. *See* 28 U.S.C. § 2244(d)(2) and *Carey v. Saffold*, 536 U.S. 214 (2002).

Mr. Holden had previously argued that because, under Alaska case law, there is no presentation or exhaustion of IAC claims on direct appeal except through the vehicle of post-conviction relief, *Barry v. State*, 675 P.2d 1292, 1295-96 (Alaska App. 1984), and because the state statutory framework allows for their filing within two years, time is tolled for federal habeas purposes because the pertinent "time for review," or the point of finality under the AEDPA, is effectively extended. *See* 28 U.S.C. § 2244(d)(1)(A).

In *Carey v. Saffold*, the Supreme Court considered a somewhat analogous circumstance – and ultimately ruled in the petitioner's favor. In *Carey*, the Court noted while the AEDPA required a petitioner to file a federal petition within one year after his state conviction had become "final," the one-year period does not include the time during which an application for state collateral review is "pending" in the state courts. § 2244(d)(2). The Court thereafter ruled on two questions. First, it determined that any time between a trial court decision and the timely filing of an appeal from that action should be considered tolled, because the action was still pending for "exhaustion" purposes. Second, the Court ruled that, with respect to "California's unique state collateral review system, a system that does not involve a notice of appeal, but rather the filing (within a reasonable time) of a further original state habeas petition in a higher court," the time taken between the resolution of the trial court habeas petition and the filing of the second habeas action,

in the appeals court, could be tolled, as well, because the action was still "pending" for state exhaustion purposes. The only question still to be determined – on remand – was whether the petitioner had acted diligently in filing the second action.

The Court was strongly influenced by the Congressional agenda it inferred from the legislative history and nomenclature. It was clear that Congress sought judicial economy, and intended that the state litigant would have completed his "one full round" of state court proceedings before filing in federal court.

This is the same argument made by Mr. Holden. Since an IAC claim may not usually be raised through a state "merit" appeal, but must wait and be raised in a separate post-conviction proceeding, and since such claim may be filed up to two years after the trial court judgment, the finality of a state court conviction is "pending" until the time for filing an IAC claim has lapsed. To construe the Alaska state court process otherwise is to do violence to the Congressional goal, discussed in *Carey*, that a federal habeas petitioner would have already completed "one full round" of state court proceedings – meaning all issues should have been exhausted.

2.   The "Person in Custody" Issue

The motion to dismiss raised the question of whether the petitioner remains in "custody" for habeas purposes. In its motion, the movant simply alleged the sentence (including probationary term) must have ended because of the amount of time that had run since the sentence had been imposed. In response, Mr. Holden disputed that such termination could be assumed because lengthy periods of imprisonment had tolled his probation. In the government's reply, it produced a "CourtView" docket from which it asked the court to find that a judge had terminated probation.

Should Mr. Holden prevail on the statute of limitations issue, he does ask this court to re-open the record on this particular question, for the following reasons. First, the documents upon which the court relies were submitted by the movant in its reply, to which no further responsive pleading is possible. Second, in it responsive pleading, the movant did not disagree with the representation made by Mr. Holden with respect to his history of incarceration. Third, the court should make its finding based upon an orderly presentation and review of signed court documents, rather than a summary sheet with unexplained codes. Additionally, Mr. Holden believes he has alternate grounds with which to meet the custody requirement. As the respondent is well aware, Mr. Holden has had numerous DWI and DWLS convictions, for which the Legislature has provided enhanced "recidivist" penalties. *See* discussion in *State v. Holden*, 2005 WL 3056145 (Alaska App. 2005) (indicating that Holden filed his state PCR after being charged with felony DWI). Mr. Holden reports to the undersigned that he is currently confined to home, on an electronic bracelet, serving a DWLS sentence in Case No. 3PA-05-00936. The crime of driving with a license suspended is codified at AS 28.15.291; recidivist penalties are specified at AS 28.15.291(D).

3. The Cognizable Claim Requirement

This requirement has been met.

In state court, Mr. Holden alleged (through Eugene Cyrus) that his trial court counsel had been ineffective in failing to litigate state law basis for suppression. In federal court, he has reiterated that argument, identifying the error as a violation of the Sixth Amendment of the United States Constitution. The federal claim is identified as such on pages 3 and 4 of his Amended Petition. Mr. Holden's petition does not involve claims against his post-conviction counsel. Mr.

Holden's arguments on the merits would, necessarily, involve faulting the determination of the court that ruled on his state post-conviction application.

DATED this 9th day of January, 2007.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Mary C. Geddes
Assistant Federal Defender
Alaska Bar No. 8511157
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mary_geddes@fd.org

Certification:

I certify that on January 9,2007, a copy of the foregoing document, with attachments, was served electronically on:

Diane L. Wendlandt, Esq.

/s/ Mary C. Geddes