Diane L. Wendlandt
Assistant Attorney General
Office of Special Prosecutions
  and Appeals
310 K Street, Suite 308
Anchorage, AK  99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: Diane_Wendlandt@law.state.ak.us

Attorney for Respondent David W. Márquez

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ERIC J. HOLDEN,<br><br>       Petitioner,<br><br>vs.<br><br>DAVID W. MÁRQUEZ,<br><br>       Respondent. | Case No. 3:06-cv-00093-TMB-JDR<br><br>STATE'S REPLY TO OPPOSITION TO INITIAL REPORT AND RECOMMENDATION THAT STATE'S MOTION TO DISMISS BE GRANTED |

In April 2006, Eric Holden filed a petition seeking federal habeas relief from a 2001 state criminal conviction.  Respondent David Márquez filed a motion to dismiss because (1) the petition is barred by the federal one-year limitations period, (2) Holden is not "in custody" for purposes of federal habeas relief, and (3) federal habeas may not be used to challenge a state post-conviction relief action.  Magistrate Roberts agreed and recommended

that Holden's petition be dismissed.  *See Recommendation Regarding Motion to Dismiss*.  In his response, Holden fails to assert any valid reason why this court should reject the magistrate's recommendation.

    A.    <u>Holden's Petition is Barred by the Statute of Limitations</u>

Magistrate Roberts correctly found that Holden's habeas petition was barred by the federal one-year limitations period, which expired long before his federal petition was filed.  *See Recommendation*, at 3-5.  The filing of a petition for state post-conviction relief *after* the federal limitations period expired did not revive Holden's federal habeas claim.  *Id*. at 4-5.  State collateral review tolls the one-year period; it does not delay its start.  *Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999); *Laws v. LaMarque*, 351 F.3d 919, 922 (9th Cir. 2003); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

Holden cites only one case in response – *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134 (2002).  *See Opposition to Initial Report*, at 2-3.  In *Carey*, the defendant, Tony Saffold, filed a state habeas petition within one year after his state-court judgment became final on direct review – that is, the state petition was filed *before* the federal limitations period expired.  *Carey*, 536 U.S. at 217, 122 S.Ct. at 2137.  The only issue before the Court was whether periods between the stages of appellate review of the state habeas petition would be included in the tolling provision of § 2244(d)(2),

which provides that a state post-conviction relief action tolls the federal limitations period while the petition is "pending." *See* 28 U.S.C. § 2244(d)(2).

There is one critical difference here: *Saffold filed his original state habeas petition within the federal limitations period and Holden did not.* Thus, Saffold was not arguing that a state habeas petition revived an already expired federal limitations period. As a result, *Carey* does not stand for the broad proposition that a state habeas petition can revive an already expired federal limitations period. *Carey* only applies § 2244(d)(2) to a state habeas petition that was filed within the federal limitations period.

To hold otherwise would be contrary to § 2244(d)(1), which states that the federal limitations period begins to run when the state judgment "became final by the conclusion of *direct review* or the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A) (emphasis added). In effect, Holden asks this court to amend the statute to replace the word "direct" with "collateral." Magistrate Roberts correctly rejected that request.

B.   <u>Holden Is Not In Custody For Purposes Of Federal Habeas</u>.

The magistrate also found that Holden failed to show that he was "in custody" under the 2001 state judgment as required by 28 U.S.C. § 2254. This requirement cannot be met if the petitioner has already served the challenged sentence and the sentence has fully expired. *See* 28 U.S.C. §

2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925 (1989).

In response, Holden argues that the documents provided by respondent fail to establish that he is no longer in custody under the 2001 state judgment. *See Opposition*, at 3-4. However, it is Holden, not the respondent, who has the burden of establishing that he is "in custody." *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002). Thus, it is Holden, not respondent, who must provide documentation. He has not done so.

Holden also alleges that he is "in custody" pursuant to a 2005 state judgment that was enhanced by the 2001 judgment. *Supplemental Submission*, at 1-2. If a final conviction "is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04, 121 S.Ct. 1567, 1574 (2001). As explained in the motion to dismiss, none of the exceptions to this rule applies here. *Id.* at 404-06, 121 S.Ct. at 1574-75. Therefore, custody pursuant to a later enhanced sentence – even if properly documented – would not save Holden's petition.

C.    <u>The Challenge The State Post-Conviction Relief Action</u>.

Finally, Magistrate Roberts correctly concluded that to extent Holden alleges errors in his state post-conviction relief action, his claim fails

because such actions are not reviewable through a federal habeas petition. *See Recommendation*, at 6-7; *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989). In response, Holden concedes that he is not challenging the actions taken during the post-conviction relief action. *See Opposition*, at 4-5. Thus, this issue is moot.

DATED  January 18, 2007 at Anchorage, Alaska

>TALIS J. COLBERG
>ATTORNEY GENERAL
>
>s/ Diane L. Wendlandt
>   Assistant Attorney General
>   Office of Special Prosecutions
>     and Appeals
>   310 K Street, Suite 308
>   Anchorage, AK  99501
>   Telephone: (907) 269-6250
>   Facsimile: (907) 269-6270
>  email: Diane_Wendlandt@law.state.ak.us

**Certificate of Service**

I certify that on January 18, 2007, a copy of the foregoing State's Reply to Opposition to Initial Report and Recommendation that State's Motion to Dismiss be Granted was served electronically on Mary C. Geddes.

s/ Diane L. Wendlandt