UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ERIC J. HOLDEN,<br><br>        Petitioner,<br>vs.<br><br>DAVID MARQUEZ,<br><br>        Respondent. | 3:06-cv-00093-TMB-JDR<br><br>**FINAL RECOMMENDATION<br>REGARDING RESPONDENT'S<br>MOTION TO DISMISS**<br><br>(Docket No.18) |

      The Magistrate Judge has reviewed the petitioner's objections and the respondent's response thereto, concerning his recommendation that the respondent's motion to dismiss the amended petition for writ of *habeas corpus* be granted. (Docket Nos. 26 – supplement at 27 – and 28).[1]  Nothing in the briefing would lead the Magistrate Judge to modify his initial recommendation.  A few comments, however, are in order.

      Regarding the statute of limitations issue, Holden posits that a case unearthed by the court – *Carey v. Saffold*, 536 U.S. 214 (2002) – is analogous to and actually supports his cause.  It is not necessary to examine the contours of Holden's attempt to analogize *Saffold* with the instant case.  Holden's argument still misses the mark because, as the respondent notes, *Saffold* filed his original state *habeas* petition

---

[1] Mr. Holden mistakenly captions his objections as an "OPPOSITION".

1

within the federal limitations period. Holden did not. As discussed in the initial recommendation, expansion of 28 U.S.C. § 2244(d)(2) is within Congress' power, not the court's.

Next, Holden revisits his contention that the respondent has failed to establish that Holden is a person in custody. As discussed in the initial recommendation, the burden is on him, not the respondent, to establish that he is in custody. *See Silva v. Woodford,* 279 F.3d 825, 835 (9th Cir. 2002). He has failed to do so**.**

Finally, Holden's argument regarding the "cognizable claim" issue is a confusing rehash of his previous argument on this point.

### CONCLUSION

For the foregoing reasons, the court should follow the recommendation that the respondent's motion to dismiss the amended petition for writ of *habeas corpus* (Docket No. 18) be **GRANTED**.

DATED this 23rd day of January, 2007, at Anchorage, Alaska.

      /s/ John D. Roberts  
JOHN D. ROBERTS  
United States Magistrate Judge