Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Petitioner

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ERIC JAY HOLDEN,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>DAVID W. MARQUEZ,<br><br>　　　　　　Respondent. | Case No. 3:06-cv-0093-TMB<br><br>**MOTION FOR A CERTIFICATE OF APPEALABILITY** |

　　　　The district court has dismissed Eric Holden's petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2254. Dismissal was occasioned by respondent's motion to dismiss. Based upon the recommendations of the magistrate judge, dismissal was approved by this court because, the court found, Mr. Holden's claims were time-barred or not cognizable in federal habeas corpus.

　　　　Mr. Holden had filed written objections to the magistrate judge's recommendations, and would pursue those objections on appeal. He therefore makes the following "substantial showing of a constitutional right," in satisfaction of and pursuant to the requirements of 28 U.S.C. § 2253(c)(2), so this court may grant his motion for a certificate of appealability.

I. Introduction.

Mr. Holden was convicted, on a plea of no contest, of refusing to submit to a breath test. He was later charged with drunk driving. Facing enhanced penalties as a repeat offender, Mr. Holden filed an application for post-conviction relief from his earlier conviction.

In his application, he argued that he had received ineffective assistance of counsel in the 2000 case because his trial attorney had not moved to suppress the evidence of his breath test refusal on a state law ground. In *Zsupnik v. State*, the state Supreme Court determined that breath test evidence taken from a person arrested for DWI should be excluded when that person has been denied a request to contact a relative with the intent to obtain legal representation before administration of the breath test. *Zsupnik v. State*, 789 P.2d 357, 359-60 (Alaska 1990).

II. Is Mr. Holden's Claim of Ineffective Assistance Cognizable in Federal Habeas?

Mr. Holden claimed that his trial attorney's performance fell below the minimum level of competency, *see Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), because counsel had not filed a motion to suppress on *Zsupnik* grounds, even though the decision provided the legal means of effectively confronting the state evidence against him.

Mr. Holden also claims that the state court unreasonably determined (1) that his trial counsel was credible, and (2) that the facts of the case did not support a *Zsupnik* defense.

Finally, Mr. Holden sought an evidentiary hearing on this Sixth Amendment issue because the state court evidentiary hearing provided him was not a full and fair hearing on the matter. Among other points, he also argued that he should be permitted to introduce expert testimony on local standards for an effective criminal defense, including a defense under the *Zsupnik* case, in support of his Sixth Amendment claim that he had been denied effective assistance.

III.  Does the Supreme Court Decision in *Carey V. Saffold*, 536 U.S. 214 (2002), Provide Analogous Support for Mr. Holden's Position That the Statute of Limitations Has Not Run?

It is undisputed that Mr. Holden was convicted on February 13, 2001; his time for filing an appeal expired on February 28, 2001; and he filed a state post-conviction relief application on July 10, 2002. Mr. Holden's state court post-conviction relief (PCR) petition was timely filed because he had an applicable two-year statute of limitations.

The respondent asserted and this court agreed that the federal statute of limitations ran and arguably expired on February 28, 2002, five months before his state PCR was filed.

Mr. Holden answers, as follows. Where a defendant has an ineffective assistance of counsel claim arising from the performance of his trial counsel, where Alaska state law directs the defendant to raise such claims *post-conviction* and <u>not</u> on direct appeal, *Barry v. State*, 675 P.2d 1292, 1295-96 (Alaska App. 1984), and where state law allows a defendant to file such a claim up to two years after judgment in a case where no other issues were appealed, the point of finality under the AEDPA is extended. "[T]he expiration of the time for seeking review" under § 2244(d)(1)(A) for a first Alaska petitioner complaining about their trial or appellate counsel is the state statute of limitations of two years. Therefore, any such claim timely filed is not time-barred for federal habeas purposes. Alternatively, the limitations period should be equitably tolled given the state case law directives, and the relative diligence of the petitioner in seeking state court review.

Mr. Holden had previously argued that because, under Alaska case law, there is no presentation or exhaustion of IAC claims on direct appeal except through the vehicle of post-conviction relief, *Barry v. State*, 675 P.2d 1292, 1295-96 (Alaska App. 1984), and because the state statutory framework allows for their filing within two years, time is tolled for federal habeas

purposes because the pertinent "time for review," or the point of finality under the AEDPA, is effectively extended. *See* 28 U.S.C. § 2244(d)(1)(A).

In *Carey v. Saffold*, the Supreme Court considered a somewhat analogous circumstance – and ultimately ruled in the petitioner's favor. In *Carey*, the Court noted while the AEDPA required a petitioner to file a federal petition within one year after his state conviction had become "final," the one-year period does not include the time during which an application for state collateral review is "pending" in the state courts. § 2244(d)(2). The Court thereafter ruled on two questions. First, it determined that any time between a trial court decision and the timely filing of an appeal from that action should be considered tolled, because the action was still pending for "exhaustion" purposes. Second, the Court ruled that, with respect to "California's unique state collateral review system, a system that does not involve a notice of appeal, but rather the filing (within a reasonable time) of a further original state habeas petition in a higher court," the time taken between the resolution of the trial court habeas petition and the filing of the second habeas action, in the appeals court, could be tolled, as well, because the action was still "pending" for state exhaustion purposes. The only question still to be determined – on remand – was whether the petitioner had acted diligently in filing the second action.

The Court was strongly influenced by the Congressional agenda it inferred from the legislative history and nomenclature. It was clear that Congress sought judicial economy, and intended that the state litigant would have completed his "one full round" of state court proceedings before filing in federal court.

This is the same argument made by Mr. Holden. Since an IAC claim may not usually be raised through a state "merit" appeal, but must wait and be raised in a separate post-conviction

proceeding, and since such claim may be filed up to two years after the trial court judgment, the finality of a state court conviction is "pending" until the time for filing an IAC claim has lapsed. To construe the Alaska state court process otherwise is to do violence to the Congressional goal, discussed in *Carey*, that a federal habeas petitioner would have already completed "one full round" of state court proceedings – meaning all issues should have been exhausted.

IV.  <u>Did the District Court Precipitously Credit the State's Representation That Mr. Holden Was No Longer Subject to In-Custody Requirements</u>?

The respondent's motion to dismiss raised the question of whether the petitioner remains in "custody" for habeas purposes. In its motion, the movant simply alleged the sentence (including probationary term) must have ended because of the amount of time that had run since the sentence had been imposed. In response, Mr. Holden disputed that such termination could be assumed because lengthy periods of imprisonment had tolled his probation. In the government's reply, it produced a "CourtView" docket from which it asked the court to find that a judge had terminated probation.

Mr. Holden asked the court to reserve its determination of this issue for the following reasons. First, the documents upon which the court relies were submitted by the movant in its reply, to which no further responsive pleading is possible. Second, in its responsive pleading, the movant did not disagree with the representation made by Mr. Holden with respect to his history of incarceration. Third, the court should make its finding based upon an orderly presentation and review of signed court documents, rather than a summary sheet with unexplained codes. Additionally, Mr. Holden believes he has alternate grounds with which to meet the custody requirement. As the respondent is well aware, Mr. Holden has had numerous DWI and DWLS

convictions, for which the Legislature has provided enhanced "recidivist" penalties. *See* discussion in *State v. Holden*, 2005 WL 3056145 (Alaska App. 2005) (indicating that Holden filed his state PCR after being charged with felony DWI). Mr. Holden reports to the undersigned that he is currently confined to home, on an electronic bracelet, serving a DWLS sentence in Case No. 3PA-05-00936. The crime of driving with a license suspended is codified at AS 28.15.291; recidivist penalties are specified at AS 28.15.291(D).

The district court should have reserved this determination and allowed for an orderly evidentiary presentation on this question.

V.   Conclusion.

Because Mr. Holden has identified three questions concerning his substantial rights under the Sixth Amendment and his right to pursue relief under 28 U.S.C. § 2254, this district court is respectfully requested to approve a certificate of appealability to the Court of Appeals.

DATED this 9th day of March, 2007.

> Respectfully submitted,
>
> FEDERAL PUBLIC DEFENDER
> FOR THE DISTRICT OF ALASKA
>
> /s/ Mary C. Geddes
> Assistant Federal Defender
> Alaska Bar No. 8511157
> 601 West 5th Avenue, Suite 800
> Anchorage, AK  99501
> Ph:  (907) 646-3400
> Fax:  (907) 646-3480
> mary_geddes@fd.org

Certification:

I certify that on March 9, 2007, a copy of the
foregoing document, with attachments, was
served electronically on:

Diane L. Wendlandt, Esq.

/s/ Mary C. Geddes