Diane L. Wendlandt
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: Diane_Wendlandt@law.state.ak.us

Attorney for Respondent David W. Márquez

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ERIC J. HOLDEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 3:06-cv-00093-TMB-JDR |
| ) | |
| DAVID W. MÁRQUEZ, ) | STATE'S OPPOSITION TO |
| ) | PETITIONER'S MOTION FOR |
| ) | CERTIFICATE OF APPEALABILITY |
| Respondent. ) | |
| ) | |

In April 2006, Eric Holden filed a petition seeking federal habeas relief from a 2001 state criminal conviction. In his petition, Holden claimed that his trial attorney provided ineffective assistance by failing to assert a violation of Holden's state-law right to contact a friend or relative before deciding whether to agree to take a breath test. *See Amended Petition*, dated October 11, 2006

(Document No. 17), at 3-4.  This court dismissed Holden's petition because (1) it is barred by the federal one-year limitations period, (2) Holden is not "in custody" for purposes of federal habeas relief, and (3) federal habeas may not be used to challenge a state post-conviction relief action.  *See Recommendation Regarding Respondent's Motion to Dismiss*, dated December 13, 2006 (Document No. 22); *Final Recommendation Regarding Respondent's Motion to Dismiss*, dated January 23, 2007 (Document No. 29); *Order*, dated February 12, 2007 (Document No. 30).

Holden has now filed a motion asking this court to grant a certificate of appealability on the following three issues: (1) whether his federal habeas claim was barred by the federal statute of limitations; (2) whether he met his burden of establishing that he was "in custody" for purposes of federal habeas relief; and (3) whether his objections to the state post-conviction relief action were cognizable in federal habeas.  *See Motion for Certificate of Appealability*, dated March 9, 2007 (Document No. 32).  This request should be denied because Holden has failed to meet the standard for granting a certificate of appealability under 28 U.S.C. § 2253(c)(2).

Under the AEDPA, a certificate of appealability (COA) is a jurisdictional prerequisite to review of a district court's decision granting or denying a petition for habeas corpus based on a state-court criminal proceeding.

*See* 28 U.S.C. § 2253(c)(1)(A). A COA may be granted only when the petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). To meet this standard, a petitioner must show

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'"

*Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1603-04 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394 (1983)). *See also Miller-El v. Cockrell*, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 1039-40 (2003) (noting that "issuance of a COA must not be *pro forma* or a matter of course").

The petitioner must make a dual showing in cases in which the district court dismissed the petition not on the merits but on procedural grounds. *Slack*, 529 U.S. 484, 120 S.Ct. at 1604. In such cases, the petitioner must show that jurists of reason would find it debatable (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the district court was correct in its procedural ruling. *Id.* Under this standard, the petitioner must show "something more than the absence of frivolity"; the standard is higher than simply a "good faith" requirement. *Barefoot*, 463 U.S. at 893, 103 S.Ct. at 3394.

> 1.  *The application of the federal statute of limitations to Holden's petition is not reasonably debatable.*

This court correctly held that Holden's petition was barred by the federal one-year limitations period, which expired more than four years before Holden filed his federal petition. *See Recommendation* (Document No. 22), at 3-5; *Final Recommendation* (Document No. 29), at 1-2. In response, Holden argues that the federal limitations period was tolled because he filed a state post-conviction relief action within the applicable state statute of limitations. *See Motion for Certificate of Appealability* (Document No. 32), at 3-4. However, Holden filed his petition for state post-conviction relief six months *after* the federal limitations period had expired. The filing of a petition for state post-conviction relief *after* the federal limitations period has expired, as in this case, does not revive an expired habeas claim. State collateral review tolls the one-year period; it does not delay its start. *Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999); *Laws v. LaMarque*, 351 F.3d 919, 922 (9th Cir. 2003); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

Holden has not cited a single case to the contrary. In fact, he cites only one case – *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134 (2002) – on this issue. *See Motion for Certificate of Appealability* (Document No. 32), at 4. *Carey* is easily distinguished. In *Carey*, the defendant filed a state habeas petition within one year after his state-court judgment became final on direct review –

that is, the state petition was filed *before* the federal limitations period expired. *Carey*, 536 U.S. at 217, 122 S.Ct. at 2137. Thus, unlike Holden, the defendant in *Carey* was not arguing that a state habeas petition revived an already expired federal limitations period. Instead, the only issue addressed in *Carey* was whether periods between the stages of appellate review of a state habeas petition would be included in the tolling provision of § 2244(d)(2). *Carey* does not stand for the broad proposition that a state habeas petition can revive an already expired federal limitations period. *Carey* only applies § 2244(d)(2) to a state habeas petition that was filed within the federal limitations period.

Holden has cited no authority supporting his unique reading of the federal statute of limitations and, therefore, has failed to show that reasonable jurists could debate whether his petition was barred by the federal statute of limitations.

2. *The fact that Holden did not prove that he was "in custody" is not reasonably debatable.*

This court also held that Holden failed to show that he was "in custody" under the 2001 state judgment as required by 28 U.S.C. § 2254. This requirement cannot be met if the petitioner has already served the challenged sentence and the sentence has fully expired. *See* 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925 (1989). Holden failed to make the necessary showing that he is "in custody."

*Eric J. Holden v. David W. Márquez*                                                                                               Page 5
Case No 3:06-cv-00093-TMB-JDR

In his motion for certificate of appealability, Holden argues – as he has repeatedly argued before – that the documents provided by respondent fail to establish that he is no longer in custody under the 2001 state judgment. *See Motion for Certificate of Appealability* (Document No. 32), at 5-6. However, Holden has the burden of establishing that he is "in custody." *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002). Thus, it is Holden, not the respondent, who must document that status. At any point in this action, Holden could have come forward with such documentation – if, in fact, he really is still in custody, which the state seriously doubts. Holden did not do so and, as a result, his petition was properly denied.

Holden also renews his argument that he is "in custody" pursuant to one or more subsequent state judgments that were allegedly enhanced by the 2001 judgment. *See Motion for Certificate of Appealability* (Document No. 32), at 5-6. However, if a final conviction "is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04, 121 S.Ct. 1567, 1574 (2001). Holden does not identify any applicable exception to this rule. Therefore, custody pursuant to a later enhanced sentence – even if documented – would not save Holden's petition.

There is no dispute that it is Holden's burden to prove that he is "in custody." While Holden does not deny that he failed to meet this burden, he argues that this court should have "allowed for an orderly evidentiary presentation of this question." *See Motion for Certificate of Appealability* (Document No. 32), at 6. Holden, however, had every opportunity to make an "orderly evidentiary presentation" on the issue. No reasonable jurist could find otherwise.

   3. *Alleged errors in Holden's state post-conviction relief proceeding are not cognizable in a federal habeas action.*

In his motion, Holden again alleges that his original trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Holden also argues that, during the state post-conviction relief action, the state court erred in crediting his trial attorney's testimony, in failing to allow him to present expert testimony on the relevant standard of competence, and ultimately in finding that his trial attorney provided effective assistance. *See Motion for Certificate of Appealability* (Document No. 32), at 2. These latter three issues are directed solely at the procedures followed and decisions made during the state post-conviction relief action.

However, state post-conviction proceedings are not reviewable through a federal habeas petition. *See, e.g.*, *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) ("[A] petition alleging errors in the state post-conviction

review process is not addressable through habeas corpus proceedings."); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997) (same); *Hubbart*, 379 F.3d 779 (same); *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (same). As a result, Holden cannot manufacture a federal habeas claim by reference to the state post-conviction relief proceedings.

Holden has not cited a single case permitting a federal habeas challenge to procedures followed in a state post-conviction relief action. In fact, Holden conceded this issue in his opposition to the magistrate's recommendation. *See Opposition to Initial Report and Recommendation*, dated January 9, 2007 (Document No. 26), at 4-5. Holden specifically limited his claim to whether his trial counsel was ineffective in the original state criminal proceeding – a claim which, as explained above, was time-barred. *Id.* Under these circumstances, reasonable jurists could not disagree that this court properly rejected Holden's petition for failing to assert a cognizable claim with respect to the procedures followed and the rulings issued in the state post-conviction relief action.

4.  *Conclusion*

This court dismissed Holden's petition on procedural grounds. As explained above, Holden has failed to identify any procedural ruling by this court

which reasonable jurists would find debatable. Therefore, Holden's motion for a certificate of appealability should be denied.

DATED March 15, 2007, at Anchorage, Alaska.

> TALIS J. COLBERG
> ATTORNEY GENERAL
>
> s/ Diane L. Wendlandt
>    Assistant Attorney General
>    State of Alaska, Dept. of Law
>    Office of Special Prosecutions
>       and Appeals
>    310 K St., Suite 308
>    Anchorage, Alaska 99501
>    Telephone: (907) 269-6250
>    Facsimile: (907) 269-6270
>    e-mail: Diane_Wendlant@law.state.ak.us
>    Alaska Bar. No. 9011121

**Certificate of Service**

I certify that on March 15, 2007, a copy of the foregoing State's Opposition to Petitioner's Motion for Certificate of Appealability was served electronically on Mary C. Geddes.

s/ Diane L. Wendlandt